UTICA,
Aug. 1826.

Northrup
v.
Northrup.

---

NORTHRUP *against* NORTHRUP.

Where the defendant covenanted with the plaintiff to pay certain money to T. on a certain day; and the plaintiff covenanted that on the defendant's so paying, he, the plaintiff, would give up and discharge a certain bond and mortgage; held, that the payment was a condition precedent to the performance on the part of the plaintiff; who might sue for the non-payment, without shewing a performance, or offer to perform on his part; nor could the defendant plead the want of such performance or offer to perform.

ON demurrer to the defendant's plea. The plaintiff declared on a covenant, which, on oyer, was as follows : The defendant covenanted to pay certain rent due and in arrear, to one *D. Tomlinson,* on a certain farm, and all which should become due on the 25*th* of *March,* 1825 ; the whole to be paid on that day ; and the plaintiff covenanted, that on the defendant's so paying the rent, he, the plaintiff, would give up and discharge a certain bond and mortgage. The action was for not paying the rent at the day.

*Plea,* that the plaintiff did not, on the 25*th* day of *March,* 1824, give up and discharge the bond and mortgage, nor tender, nor offer to do so, on that day, or before or since.

General demurrer and joinder.

*M. T. Reynolds,* in support of the demurrer.

*A. L. Jordan,* contra, cited *Parker* v. *Parmele,* (20 *John.* 130, *and the cases there referred to.*)

*Curia, per* SAVAGE, Ch. J. The plea is bad. The payment of the money to *Tomlinson,* on the day specified, is clearly a condition precedent. The performance by the plaintiff of his part of the agreement is not necessarily simultaneous ; but was naturally to be subsequent. A general averment of his readiness to perform, is all that

can be necessary or proper.    To aver a tender was cer-
tainly not necessary.

Lord *Mansfield*, in *Jones* v. *Barkley*, (*Doug.* 690,)
makes three classes of covenants ; 1. Such as are mutual
and independent, where separate actions lie for breaches
on either side ; 2. Covenants which are conditions, and
dependent on each other, in which the performance of one
depends on the prior performance of the other ; 3. Cove-
nants which are mutual conditions to be performed at the
same time, as to which the party who would maintain an
action must, in general, offer or tender performance.    I
consider the plaintiff's covenant as clearly belonging to the
second class.    The defendant's covenant was absolute.
The cases cited by the defendant's counsel relate to the
third class.

The plaintiff must have judgment, with leave to the de-
fendant to amend on payment of costs.

Judgment for the plaintiff.