ELEANOR TERRETT, Respondent, *v.* THE BROOKLYN IMPROVE-MENT COMPANY et al., Appellants.

A. had recovered several judgments against B., and for the purpose of paying the same, the latter conveyed to the former, by full covenant warranty deed, certain real estate upon which were other incumbrances to a large amount, and they entered into an agreement, which recited the conveyance and the purpose thereof, and the existence of the other incumbrances, which B. agreed to remove within a time specified; also that satisfaction-pieces of the judgments had been executed and delivered to C.; the judgments it was agreed, were to remain outstanding as security for the discharge of said incumbrances, "and for that purpose only," and upon such discharge of record, the satisfaction-pieces were to be delivered to B; but in case of failure to so remove the incumbrances then " the covenants in said deed to be operative and in full force." *Held,* that the

judgments were not paid by the conveyance and agreement; that the discharge of the incumbrances was a condition precedent, and upon failure of B. to perform his agreement in this respect, the judgments were in the same position which they occupied as liens prior to the agreement, and A. had the right to issue executions thereon; and that a purchaser of lands sold under said executions acquired a title superior to that of a purchaser on a sale under an execution, issued upon a junior judgment.

(Argued October 24, 1881; decided November 22, 1881.)

APPEAL from the judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 14, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action of ejectment to recover possession of certain lands situate in the city of Brooklyn.

The material facts are stated in the opinion.

*Winchester Britton* for appellants. The agreement and conveyance of the 19th of July, 1855, did not operate as a payment of Cooke's judgments, because Cowenhoven wholly failed to remove the incumbrances on the property. (*Northrup* v. *Northrup*, 6 Cow. 296.) Immediately after the expiration of the stipulated three months, Cooke was entitled to maintain an action against Cowenhoven for a breach of his covenant, in which the measure of damages would have been the amount of the outstanding incumbrances, and such action could have been maintained without Cooke being obliged to show any actual damage suffered by him, beyond the fact that the incumbrances remained unpaid. (*Post* v. *Jackson*, 17 Johns. 239; *S. C.*, id. 479; *Northrup* v. *Northrup*, 6 Cow. 296; *Rockfeller* v. *Donelly*, 8 id. 623; *Churchill* v. *Hunt*, 3 Den. 321: *Wright* v. *Whiting*, 40 Barb. 235; *Jarvis* v. *Snell*, id. 449; *Cady* v. *Allen*, 22 id. 388; *Seligman* v. *Dudley*, 14 Hun, 187; *Gilbert* v. *Wyman*, 1 Comst. 530; *Rector* v. *Higgins*, 48 N. Y. 532; *Bellows* v. *Freeborn*, 63 id. 383; *Bank* v. *Biglin*, 83 id. 51.) It is sufficient to uphold the sale if any amount is due on

the judgments, although it may be less than the sum for which the execution is issued. (*Peck* v. *Tiffany*, 2 N. Y. 451.) By the purchase of the premises in question, expressly subject to Cooke's judgments (under which the defendants derive title), Crombie was equitably estopped from afterward claiming that the judgments were at that time paid, and the plaintiff, as Crombie's successor, is equally estopped. (*Brinsmade* v. *Hurst*, 3 Duer, 206 ; *Hurst* v. *Davis*, 26 N. Y. 495.)

*D. P. Barnard* for respondent. The vitality of the Cooke judgment was destroyed, so far as plaintiff's rights under the Terrett judgment were concerned, by the agreement of 19th July, 1855, between Cooke and Cowenhoven, and the execution sales under them were void. (*Marvin* v. *Vedder*, 5 Cow. 671 ; *Delavergne* v. *Everson*, 1 Paige, 181 ; *Truscott* v. *King*, 2 Seld. 147 ; *Fitzhugh* v. *Blake*, 2 Cranch's C. C. 37 ; *Dows* v. *Parker*, N. Y. C. P., 4 N. Y. Leg. Obs. 384 ; *Ford* v. *Withridge*, 9 Abb. 416 ; *Mott* v. *Union Bk.*, 38 N. Y. 18 ; *Caverly* v. *Nichols*, 4 Johns. 189 ; *Lansing* v. *Ratoon*, 6 id. 43 ; *Watson* v. *Fuller*, id. 283 ; *Van Wyck* v. *Montrose*, 12 id. 350.) If a judgment be satisfied there is no longer any power to sell, and a title cannot be acquired, even by a *bona fide* purchaser, without notice of the payment. (*Wood* v. *Calvin*, 2 Hill, 566 ; 15 Johns. 443 ; 1 Cow. 622, 711 ; 7 Johns. 535 ; 4 Wend. 474 ; 6 id. 367 ; 8 id. 676 ; 9 Mass. 138 ; 16 id. 63.) A purchaser under a power purchases at his peril ; if there was no subsisting power or authority to sell, no title is acquired. (*Lovett* v. *Cornwall*, 6 Wend. 367 ; *McGuinty* v. *Herrick*, 5 id. 241 ; *Swan* v. *Saddlemire*, 8 id. 676 ; *Carpenter* v. *Stilwell*, 11 N. Y. 61 ; 2 Hill 566 ; 5 id. 246, 272 ; 8 Wend. 676 ; 6 Hill, 14 ; 7 Johns. 535 ; *Cameron* v. *Irving*, 5 Hill, 272.)

Miller, J. The plaintiff and defendants both claim title from the same common source, one Tunis T. Cowenhoven, a former owner of the premises in controversy. The plaintiff's title is derived from a sale of the sheriff under an execution issued upon a judgment by confession in favor of Gilbert R.

Terrett, which was docketed upon the 12th day of July, 1853, and the sale made on the 10th day of August, 1856.  The defendants claim by virtue of a sheriff's sale under an execution issued upon prior judgments in favor of one Purcell Cooke, one of which judgments was docketed on the 21st day of February, 1853, one upon the 8th day of March, 1853, and one upon the 19th day of May, 1853.  The sheriff's sale was made on the 1st day of December, 1863, under said last named judgments. The defendants also claim to hold the premises by virtue of sales thereof for taxes imposed.  If the title of the defendants is derived from a sale under executions issued upon any judgments which were docketed prior in date to that under which the plaintiff obtained title, then it is older and better than the title of the plaintiff, unless the sale under the former judgment was for some reason of no effect, and no title was acquired by means of the same.

It is insisted by the plaintiff's counsel that no title was obtained by the sales under said prior judgments, and that they were destroyed and paid by virtue of an agreement entered into on the 19th day of July, 1855, between said Cowenhoven and Cooke, which after reciting the conveyance of certain premises by Cowenhoven to Cooke by full covenant warranty deeds for the purpose of paying certain judgments of Cooke : the existence of certain liens and incumbrances; an agreement to remove the same; the execution and delivery to one Woodhull · of satisfaction-pieces of the judgments to be delivered to Cowenhoven when the judgments were discharged of record, and that they were to remain outstanding as security for the discharge of said liens and for that purpose only ; provided, that Cowenhoven would remove or cause to be removed all the liens and incumbrances on the premises within three months from the date of the deed or otherwise the covenants in the deed to be operative and in full force.  It was also covenanted by Cooke that when the liens and incumbrances were removed that he would cause satisfaction-pieces of the judgments to be delivered to Cowenhoven.  The agreement was not absolute in

its terms and did not unqualifiedly cancel and discharge the judgments therein mentioned. The intention and object evidently was to provide means of paying the judgments by the conveyance of the lands described free from all liens and incumbrances. Such was the legitimate effect of the recitals in the agreement and the covenants contained in the same. The judgments at the time were in force and liens upon the lands, and to cancel them, a conveyance was made upon the condition stated in the agreement, that within the period of three months Cowenhoven was to remove the incumbrances. If this was done, then they were paid and the satisfaction-pieces which had been executed were to be delivered. Until then they were valid liens upon the lands, and as the contract provided, they remained as security for the discharge of the liens only and for no other purpose. Until payment of the judgments was made and the liens thereby removed the agreement could not have been enforced by Cowenhoven, and he could not have maintained an action to compel Cooke to deliver up the satisfaction-pieces which had been left in *escrow* and which by the terms of the contract were not to be delivered before that was done. Equity would not interfere in such a case, and the party failing to fulfill would be without any remedy to compel a delivery of the satisfaction-pieces. This would be but a reasonable and fair interpretation of the terms of the contract, and any other or different construction would be contrary to the intention of the parties that the land conveyed should be free and clear from all liens and incumbrances, and that the judgments should not be discharged until this end was accomplished. Were it otherwise, Cooke would hold the lands subject to the lien of the judgments out of which they might be collected, and his title thus be imperfect and liable to be defeated. If the conveyance was intended as a full payment of the judgments, then there was no necessity for the agreement, no occasion for fixing a time within which the lien of the judgments was to be removed or the satisfaction-pieces delivered. Cowenhoven, however, was to pay these liens and incumbrances within three months, and if he did, the satisfaction-pieces were to be delivered.

This payment was a condition precedent, and until then they remained in full force and effect the same as if no agreement had ever been made. While Cooke might have maintained an action for a breach of the covenant on the contract, he could also enforce the judgments by executions and by a sale of the property as was subsequently done and a title could be acquired by other parties. (*Northrup* v. *Northrup*, 6 Cow. 296.) It should not escape attention that at the time of the execution of the agreement and of the sale under the Cooke judgments as the record shows, the liens and incumbrances which Cowenhoven covenanted to pay and discharge amounted to at least $40,000, and *there is no proof* that these had been paid or discharged.

The claim that Cooke had no power to enforce the judgments by executions until it should be ascertained by a judicial determination what amount of damages Cooke had sustained under the agreement is, we think, without merit, as the failure to remove the judgments within the period prescribed, as we have seen, was a condition precedent, and not being fulfilled, left the judgments in the same condition as they occupied as liens prior to the making of the agreement.

Nor can it be claimed that Cooke would be twice paid, once by the conveyance of the property at a price agreed upon, and then by executions issued to collect the judgments out of other property. Such a construction is contrary to the fair intendment, the object and purpose of the contract, and is not warranted thereby. No payment was actually made, as the recitals in the contract evince, and the conveyances were upon the express provision that these judgments were to be discharged by Cowenhoven and the satisfaction-pieces withheld until this was done. It is plainly evident that the judgments under the agreement continued in force until actually satisfied, and the judgment creditor had full power and authority to enforce their collection after the condition precedent contained in the agreement failed to be performed.

It is no doubt the rule that a judgment when once paid cannot be revived, and that upon payment thereof the lien

ceases; but there is, we think, no authority holding otherwise than that when an agreement is entered into, that a judgment shall be cancelled upon terms therein provided, and it is made a condition that, until these terms are complied with, it is not to be discharged, that upon a failure to fulfill the condition, the judgment is in full force, and an execution may be issued, and a sale made to collect the amount due thereon. None of the authorities cited by the learned counsel for the respondent are adverse to this salutary doctrine, and the case at bar presents no exception to the general rule already stated.

In view of the facts, we are of the opinion that Cooke had ample authority to enforce his remedy under the judgments after the failure to remove the incumbrances within the time stipulated, and the fact that they remained unpaid, as provided, showed damages to the amount thereof without other proof, and he was entitled to pursue any and all the remedies which were sanctioned by law, and that the executions issued upon, and the sale under the same was legal and valid, and the deed executed in pursuance thereof conferred a perfect title to the purchaser of the premises.

It follows that the title acquired upon the sale, and on the Cooke judgments was the superior title, and the court erred in denying the motion made by the defendants' counsel to dismiss the complaint. Without considering other questions, for the error stated, the judgment of the General Term should be reversed, and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.