WILLIAM C. CORNWELL, Appellant, *v.* THOMAS F. SANFORD, Respondent.

*Landlord and tenant* — actions for rent — judgment — when judgment in one action is res adjudicata in another and subsequent action between same parties.

1. In an action brought in a Municipal Court by a landlord to recover from a tenant rent due under a five-year lease to July first of a certain year, the tenant pleaded as a defense that on the fifteenth day of June preceding he had surrendered the premises, and that the landlord had accepted them. The landlord recovered judgment for the full amount claimed. Subsequently the tenant abandoned the premises and paid the judgment. Later the landlord brought this action in the Supreme Court to recover the rent which had accrued subsequent to that for which such judgment was granted. The defendant set up as a defense the same surrender pleaded in the action in the Municipal Court, and this was the

sole issue submitted to the jury. *Held*, that the judgment in the Municipal Court action was *res adjudicata* of the fact that the lease was in force between the parties at that time, and that there was no surrender of the lease as claimed in such action, and that it was error for the trial court to refuse to so charge in this action.

2. It was also error for the trial court to refuse to charge that if the jury found that an agreement was made that the defendant should pay the rent due at a certain date, and also found that he did not pay it until after suit brought and judgment recovered, they must find that he did not perform the agreement, and that the plaintiff was entitled to recover.

*Cornwell* v. *Sanford*, 147 App. Div. 916, reversed.

(Submitted March 6, 1913; decided April 4, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 24, 1911, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*August Becker* and *Wortley B. Paul* for appellant. The judgment rendered upon the merits by the Municipal Court of Buffalo, on September 1, 1906, for the rent due and unpaid up to August 1, 1906, is *res adjudicata* and conclusive of the question whether the lease was canceled by an agreement made in June, 1906. (*Nemetty* v. *Naylor*, 100 N. Y. 562; *Reich* v. *Cochran*, 151 N. Y. 122; *Davis* v. *Tallcott*, 12 N. Y. 184; *Stokes* v. *Foote*, 172 N. Y. 327; *Matter of Jenkins*, 132 App. Div. 339; *Clement* v. *Moore*, 135 App. Div. 723; *Bischoff* v. *Packard*, 144 App. Div. 406; *Meyerhoffer* v. *Baker*, 121 App. Div. 797.) The alleged agreement of June, 1906, to cancel the lease does not constitute a defense to this action and the trial court should have so charged. (Wharton on Cont. 229, 348, § 852; Anson on Cont. 106; *Day* v. *Roth*, 18 N. Y. 448; *Kromer* v. *Heim*, 75 N. Y. 576; *McCreery* v. *Day*, 119 N. Y. 9; *Mance* v. *Hossington*, 205 N. Y. 33; *Noe* v. *Christie*, 51 N. Y. 270; *Russell* v. *Lytle*, 6 Wend. 390; *Smith* v.

*Cranford*, 84 Hun, 318; 155 N. Y. 640; *Tilton* v. *Alcott*, 16 Barb. 598; *Brennan* v. *Ostrander*, 18 J. & S. 426; *Smith* v. *Bradhurst*, 31 App. Div. 98; *Geary* v. *Page*, 9 Bosw. 290; *Hawley* v. *Foote*, 19 Wend. 516; *Brooklyn Bank* v. *De Grauw*, 23 Wend. 342.)

*Parton Swift* for respondent. The judgment rendered by the Municipal Court of Buffalo is not *res adjudicata* and conclusive of the question whether the lease was canceled by the oral agreement. (*House* v. *Lockwood*, 137 N. Y. 259; *Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341; *People ex rel. Bridgman* v. *Hall*, 104 N. Y. 170; *Bell* v. *Merrifield*, 109 N. Y. 202; *People* v. *Johnson*, 38 N. Y. 63; *Zoller* v. *Riley*, 100 N. Y. 102; *Cauhope* v. *P. D. & Co.*, 121 N. Y. 152; *Stannard* v. *Hubbell*, 123 N. Y. 520; *Springer* v. *Bien*, 128 N. Y. 99; *House* v. *Lockwood*, 137 N. Y. 259; *Stokes* v. *Foote*, 172 N. Y. 327; *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635; *Clark* v. *Scovill*, 198 N. Y. 279; *Dickinson* v. *Price*, 64 Hun, 149; *City of New York* v. *New York City Railway Co.*, 126 App. Div. 42.) The oral agreement was performed by the defendant and was not by him abandoned, and could not be rescinded by the plaintiff. (*Bandmann* v. *Finn*, 185 N. Y. 508; *Napier* v. *Spielmann*, 111 N. Y. Supp. 1099; *Bogardus* v. *N. Y. Life Ins. Co.*, 101 N. Y. 328.)

CULLEN, Ch. J. The action was brought — landlord against tenant — to recover rent. The defendant hired the demised premises from the plaintiff for the term of five years from May 1st, 1902, at the annual rental of $900, payable monthly in advance. The defendant having defaulted in payment of certain installments of the rent, on June 21, 1906, the plaintiff instituted summary proceedings to recover possession of the premises, and on July 6th judgment was rendered in favor of the landlord, but no warrant was issued thereon nor was the defendant evicted. On July 12th the plaintiff sued the defend-

ant in the Municipal Court of Buffalo to recover the various installments of rent from April 1st, including that which accrued on July 1st. The defendant answered, setting up, among other things, that on the 15th of June he had surrendered the premises and that the plaintiff had accepted the same. In that action the plaintiff on September 1st obtained judgment for the full amount, which defendant thereafter paid. In May, 1907, this action was brought to recover rent accruing subsequent to July 1st, 1906. The defendant answered, pleading, among other defenses, the same surrender pleaded in the action in the Municipal Court, and this was the sole issue submitted to the jury.

On the trial the record of the summary proceeding and the judgment roll in the Municipal Court action were put in evidence. The defendant and his attorney testified that during the pendency of the summary proceedings an agreement was made between the attorneys for the parties on behalf of their clients that the defendant should surrender the possession of the premises, pay the plaintiff the amount that was then due him for rent and assign the leases between him and his sub-tenants. This was on the 26th day of June, 1906. Nothing seems to have been done thereafter, except that in July the defendant abandoned the premises.

On the submission of the case to the jury the court was asked to charge that the judgment record of the Municipal Court in Buffalo in the action brought to recover rent was *res adjudicata* of the fact that the lease was in force between the parties. This was refused. The theory on which the learned trial judge based the refusal was that under the agreement for surrender claimed by the defendant, as the defendant did not move out until sometime in July, the rent accruing July 1st would be due and the agreement for surrender no defense thereto. The evidence was not, however, as assumed by the trial court. It was to the effect that the defendant agreed to pay only

9

the rent then due; that is to say, such rent as had accrued prior to the time of making the agreement of June 26th. If such agreement existed the defendant would not be liable for the July rent. At most he would only be liable for the use and occupation of the premises during the part of the month he actually occupied them. The judgment in the Municipal Court was, therefore, conclusive of the fact that there was no surrender in June as claimed.

The court was further asked to charge that if the jury found that the agreement was that the defendant should pay the rent due at the time, and also find that he did not pay it until after suit brought and judgment recovered, they must find that he did not perform the agreement and that the plaintiff was entitled to recover. This was refused. We think this was also error. If we assume (which we must, for there is no exception sufficient to raise the question) that the oral agreement was valid and binding upon the plaintiff as an acceptance of the surrender, the defendant was bound to show either tender or performance, or at least that he was ready and willing to perform. On the contrary, so far from being ready to pay the rent due, he resisted payment, pleading in his answer in the Municipal Court suit that he had already paid in full, and he finally paid only after a judgment had been recovered against him.

To each of these refusals to charge the plaintiff properly excepted. These exceptions present questions of law reviewable in this court despite the unanimous affirmance. (*McGuire* v. *Bell Telephone Co. of Buffalo*, 167 N. Y. 208.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

GRAY, WERNER, WILLARD BARTLETT, CHASE, COLLIN and HOGAN, JJ., concur.

Judgment reversed, etc.