(87 Misc. Rep. 397)

### CORNWELL v. SANFORD.

(Supreme Court, Trial Term, Erie County. November 5, 1914.)

LANDLORD AND TENANT (§ 195*)—RENT—RIGHT TO.

  Where, after obtaining a final order in proceedings for the removal of the tenant, the landlord began an action for rent in arrears, including rent for the month in which the order had been obtained, his right to demand possession was waived, and the tenant, who might have avoided the lease, had he vacated the premises before the action for rent was instituted, became liable for the rent for the remainder of the term, notwithstanding he thereafter vacated the property.

  [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. § 195.*]

Action by William C. Cornwell against Thomas F. Sanford. On motion for directed verdict for plaintiff. Motion granted.

See, also, 147 App. Div. 916, 131 N. Y. Supp. 1109.

J. Ralph Ulsh, of Buffalo, for plaintiff.
Parton Swift, of Buffalo, for defendant.

WOODWARD, J. The plaintiff and defendant entered into a written lease covering certain premises on Seneca street in the city of Buffalo, which lease was to expire on the 1st day of May, 1907. The defendant being in default under certain of the provisions of the lease, the plaintiff on the 23d day of June, 1906, filed a verified petition in the Municipal Court for the removal of the defendant. On the 25th day of June the precept, with proof of service, was filed. The defendant appeared in that proceeding, and on the 6th day of July, 1906, the final order was granted, ordering the defendant to deliver the premises

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the petitioner, and that a warrant issue. No warrant was in fact issued, and on the 12th day of July, 1906, the plaintiff began an action in the Municipal Court to recover five months' rent under the provisions of the lease, which was for a term of five years, and this action included a demand for the rent for the month of July, 1906, the rent being payable in advance. This action resulted in favor of the plaintiff, and the judgment was paid. On the 15th day of July, 1906, the defendant claims to have removed from the premises, and to have surrendered possession. The present action is to recover for the balance of the term, from the month of August, 1906, and the defendant urges that, having surrendered the premises pending the summary proceeding for his removal, he is absolved from obligation under the lease. The case has been to the Court of Appeals, where a judgment against the plaintiff was reversed upon errors in the charge of the court (Cornwell v. Sanford, 208 N. Y. 126, 101 N. E. 709), and is now before this court upon the question of law whether the facts entitle the plaintiff to recover.

It is urged on the part of the plaintiff that the determination of the questions before the Court of Appeals demands the granting of the motion for the direction of a verdict, while the defendant is equally insistent that the question now before this court differs from that determined by the Court of Appeals, and entitles the defendant to judgment. I am unable to discover any substantial difference between the case as now presented, and that which confronted the Court of Appeals. It is true that as the case was presented upon the former trial it was claimed that there was an agreement between the parties that the defendant should surrender the premises on the 26th day of June, 1906, while it is now claimed that the plaintiff, by moving out on the 15th day of July, terminated the relation of landlord and tenant on that day, and therefore that the judgment of the Municipal Court is not res adjudicata, as the court in effect held it to be in reference to the alleged surrender in June.

If the defendant had moved out of the premises and surrendered them on the 11th day of July, 1906, after the granting of the final order in summary proceedings, and before the plaintiff had commenced his action to recover the rent, there would be no doubt that the relation of landlord and tenant was ended, and the plaintiff would then have been entitled to collect only the rentals due up to that time. He could not have collected for any part of the month of July beyond defendant's actual occupation. Cornwell v. Sanford, supra. But the defendant did not do this. On the 12th day of July the plaintiff began his action to recover the rent for the month of July (with others in arrears), and this action proceeded to judgment and held the defendant liable for the July rental, which entitled him to the possession up to the 1st day of August. This was clearly a waiver on the part of the plaintiff of his summary proceeding. He could not, while maintaining an action for the July rent, avail himself of the warrant to dispossess the defendant; and the latter, by joining issue in this action, clearly submitted to the court the question of the existence of the relation of landlord and tenant under the lease, and this adjudica-

tion entitled the defendant to remain in possession of the premises up to the 1st of August.

There is no contention that anything has since transpired to affect the question, and I am of the opinion that the plaintiff is entitled to judgment. The written lease was in effect between the parties until it was terminated by agreement or operation of law. The plaintiff had a right to institute summary proceedings to dispossess his tenant, and he had an equal right to waive this statutory proceeding and to stand upon his written contract. He must be deemed to have waived the statutory proceeding when he started his action to recover rent, which could not have been collected as rent if he had proceeded under the statute; and the defendant, by litigating the issues presented in the Municipal Court, has concluded himself upon the question of the continued existence of the lease up to the 12th day of July. On that day the plaintiff, by waiving his rights under the statute and bringing his action, withdrew his consent to the termination of the lease and reaffirmed it. Nothing that the defendant did after that had any effect upon the contract. He could not by his own act terminate a mutual contract. He had, by joining issue, consented to the litigation of the continued existence of the lease, and the necessary effect of the judgment was to hold the defendant liable as tenant for the rent for the month of July, was to adjudicate the defendant's right to the continued possession of the premises under the lease, and, as a consequence, to the continued obligation to pay the rent for the premises. This seems to me to be the necessary effect of the decision of the Court of Appeals in this case, and I do not think it is out of harmony with any case to which I am referred by counsel.

The plaintiff should have judgment for the full amount of his claim, with costs; and I direct accordingly.