CORNWELL v. SANFORD. (No. 140/69½.)

(Supreme Court, Appellate Division, Fourth Department. March 26, 1915.)

LANDLORD AND TENANT ⬤⟹198—CONTINUANCE OF TENANCY.

Where a landlord, after obtaining final order in proceedings to remove a tenant, brought an action for rent in arrears, including rent for the month in which the order was obtained, and obtained a judgment, which the tenant, who moved out during the month, paid, the judgment established the continuance of the relation of landlord and tenant after the judgment of removal, and in the absence of further act by either party the tenant remained liable for rent for the balance of the term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. ⬤⟹198.]

Appeal from Trial Term, Erie County.

Action by William C. Cornwell against Thomas F. Sanford. From a judgment of the Trial Term (87 Misc. Rep. 395, 149 N. Y. Supp. 583) for plaintiff, defendant appeals. Affirmed.

See, also, 208 N. Y. 126, 101 N. E. 709.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Parton Swift, of Buffalo, for appellant.
J. Ralph Ulsh, of Buffalo, for respondent.

LAMBERT, J. This is an action under contract for rent covenanted to be paid under a lease. The lease by its terms provided that it should expire in May, 1907, and provided a stipulated yearly rental payable monthly in advance. On June 23, 1906, the defendant, being in default, plaintiff began in the Municipal Court of Buffalo a proceeding for the removal of the defendant from the premises. In that proceeding a final order directing the removal of the defendant was issued July 6, 1906. No warrant was ever issued. July 12, 1906, plaintiff began another action in the Municipal Court to recover five months' rent under the lease, which five months included and terminated with the month of July, 1906, which said latter month had not then expired. On the 15th day of July, 1906, defendant moved out. This action is brought to recover the rental for the balance of the term, beginning with the month of August, 1906.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The action has been once before tried, and upon such trial the defendant asserted an independent oral agreement terminating the relationship of landlord and tenant July 15, 1906. Upon such defense defendant had a verdict, and the judgment entered thereon was affirmed by this court, but was later reversed by the Court of Appeals for errors in the charge. Cornwell v. Sanford, 208 N. Y. 126, 101 N. E. 709. Upon the present trial there is presented no dispute of fact. The defendant does not here assert the independent oral arrangement before asserted. Upon the part of the plaintiff, the evidence is made up by the introduction of the lease, the records of both the summary proceedings and of the former action for rent in the Municipal Court. The defendant, upon his part, testifies merely to having left the premises July 15, 1906. At the close of the evidence, both parties moved for the direction of a verdict, and the plaintiff has succeeded in his motion.

Briefly outlined, the theory upon which plaintiff has succeeded is this: He is willing to concede that, leaving out of consideration the action for rent in the Municipal Court, the final order in the dispossessment proceeding, upon the one part, and the voluntary removal of the defendant from the premises, upon the other, together would be sufficient to terminate the relationship of landlord and tenant, and as a necessary consequence terminate the continuing liability for rent throughout the balance of the term. This seems to be the law.

Plaintiff insists, further, however, that the action having been brought in Municipal Court for five months' rent, at a time prior to the removal of the defendant from the premises, and such five months term having included all of the month of July; and the defendant having voluntarily gone into that court and defended that issue and been beaten thereon, and he having paid the judgment against him for such five months' rent, that the necessary effect of that judgment is to establish conclusively the continuance of the relationship of landlord and tenant up to the end of July, 1906, which time is some two weeks later than the time when defendant surrendered possession. It further appears that there was, following that time, no act or thing done by either party which could under any circumstances affect or change the relationship of landlord and tenant as to these premises.

In further support of his position, the plaintiff calls attention to the decision upon the appeal herein by the Court of Appeals. From a careful reading of that opinion it appears that on the former trial the trial court was requested by the plaintiff to charge that the judgment in the Municipal Court action for rent established by res adjudicata the continuance of the relationship of landlord and tenant and of the lease. The trial court refused so to charge, and the Court of Appeals held that such refusal was error. The plaintiff contends that the effect of such holding by the Court of Appeals is to make the judgment conclusive evidence of the continuance of that relationship throughout the month of July, and insists that that holding must be followed now.

Upon his part, defendant contends that the removal from the premises by defendant, following the issuing of the final order directing his removal, together terminated the relationship of landlord and tenant, and hence that there is no further foundation for the rental charge

against the defendant. Defendant also contends that a distinction is to be made in the Court of Appeals decision, by reason of the fact that the defense upon the former trial in this action lay in an independent oral agreement not now asserted.

Judge Woodward, who tried the case, has written a careful, although brief, opinion, in which he fully and fairly points out the different rules to be applied. I agree in the conclusion, there expressed, that when the defendant, after a litigation, was adjudged liable to pay the five months' rent, which included the full month of July, and did pay that judgment, he necessarily had a continued right to the possession of the demised property until the 1st of August, and hence that the relationship of landlord and tenant continued until that time. He having vacated the premises before that time, it seems to me that the effect of the decision in the Municipal Court action for rent is to overcome the ordinary rule to be applied as to termination of the lease by the surrender, so that the surrender of the premises does not have the effect claimed by the defendant. By this judgment defendant was given a right of possession continuing long after the so-called surrender. It necessarily follows that the relationship of landlord and tenant thus established to have continued throughout July has never been abrogated; it appearing that neither party did or suffered any act thereafter which affected or could affect the relationship of landlord and tenant in any degree.

It seems clear to me, also, that the effect of the Court of Appeals decision is to establish the Municipal Court judgment for rent as res adjudicata as to its effect. I see no reason why that decision should not be given its plainly intended effect, although the defense in the action does not now embody the formerly claimed independent oral agreement. The remarks of the court as to the effect of that judgment were not addressed to the defense by way of the independent oral agreement, and the effect must be the same, whether the independent agreement is claimed or not. Hence I deem the Court of Appeals decision controlling as to the effect of that judgment. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.