## Eric O. Kranke *vs.* The American Fabrics Company.

Third Judicial District, New Haven, June Term, 1930.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued June 6th—decided July 31st, 1930.

*Frank L. Wilder,* for the appellant (plaintiff).

*David S. Day,* for the appellee (defendant).

WHEELER, C. J.   The Kellner Lace Corporation on January 20th, 1926, owned and used machinery in the manufacture and sale of goods at wholesale in New Jersey where, on this date, the plaintiff Kranke obtained a judgment against it for $1610, with costs amounting to $43.12.   On February 18th, 1926, the corporation entered into an agreement with the plaintiff with a view to adjusting and compromising their differences relative to this judgment, by which the plaintiff agreed to accept $875 in full settlement of this judgment, and the corporation agreed to pay the $875 and to pay it from the rentals received from defendant for rental of its factory by defendant and in consideration thereof plaintiff agreed to discharge and satisfy this judgment and to take no further steps to levy on goods of the Kellner Lace Corporation, or to collect it in any way unless default in the payment of the $875, or any of the instalments be made, "in which event," it was provided, the agreement shall "become null and void."

The Kellner Lace Corporation paid $775 of the $875, and was in default as to the payment of the balance of $100, when, about February 6th, 1927, the defendant purchased all of the machinery and equipment used in the factory of the corporation from it and removed it to Connecticut.   At the time of this transfer there existed in New Jersey a statute which provided that the sale in bulk, of the whole or a large part of the stock or merchandise and fixtures, or goods and chattels otherwise than in the ordinary course of trade, and in the regular and usual prosecution of the seller's business, shall be void as against his creditors, unless

the purchaser shall make inquiry concerning his creditors and receive from him a list in writing of their names and addresses and the indebtedness to each, and unless the purchaser shall give personal notice of the proposed sale to each of these creditors upon this list or use reasonable diligence to cause personal notice, or notice by registered mail in accordance with the information contained in this list to be given them. The notice, it provides, shall state when and where the transfer is to be made and the consideration to be paid; *"provided, however,* that no proceedings . . . shall be brought against the purchaser to invalidate any such voidable sale after the expiration of ninety days from the consummation thereof." Laws of New Jersey (1915), Chap. 208, § 1, p. 377. The contract of transfer was a New Jersey contract and governed by the law of that State. Construing this Act the Chancery Court in New Jersey held: "A sale in bulk is void as to creditors unless the provisions of the act are complied with, but this does not give creditors a claim upon the purchase price. The act implies that, the sale being void, creditors have a remedy at law and in equity—that is, as I take it, creditors may execute their judgment at law by a levy and sale of the goods, or, if unable to execute the judgment by a levy and sale, they may cause the writ to be returned *nulla bona* and proceed in equity against the purchaser for the value of the goods, exactly as if the goods had been transferred without consideration, with intent to cheat and defraud creditors." *Smith & Wallace Co.* v. *Goldner,* 92 N. J. Eq. 504, 111 Atl. 487.

The defendant did not receive from the Kellner Lace Corporation a list of the creditors, nor give to each the notice required by the statute, nor give to this plaintiff such notice, although it then knew the plaintiff was a creditor of the Kellner Lace Corporation. The

sale to the defendant was in violation of the statute and hence void.

The only question in issue which the defendant seriously presses is that its third and fourth defenses constitute valid defenses to the cause of action arising on the complaint. The third defense is that the Kellner Lace Corporation on February 6th, 1926, entered into a contract in writing compromising and settling the liability of that corporation under the judgment referred to in the complaint, which superseded the judgment. The fourth defense was that the parties to this contract settled the liability of this corporation under the judgment for $875, of which the corporation had paid $775. These defenses are based upon a misconstruction of the contract. The plaintiff, by this agreement, did not promise to discharge the judgment until the consideration for its agreement had been fully paid. The plaintiff promised that he would take no further steps to collect the judgment unless default was made in any of the instalments and if default was made the agreement should be void. The consideration was not paid, the default occurred which voided the contract. The result of this was to restore the judgment to its original condition as a present obligation, but less the amount which had already been paid in satisfaction of it. If the contract to release the judgment is conditioned upon the performance by the debtor of his agreement to pay a stated consideration upon such release, upon default of the debtor the creditor is remitted to his original rights under the judgment.

The defendant attacks the rule as stated in 34 Corpus Juris, 701, upon which the trial court relied: "If the contract [to release] is executory, there is no release of the judgment until it is performed, and while the creditor cannot rescind it without good cause, the

debtor is bound to perform its conditions punctually and fully, in default of which the creditor is remitted to his original rights under the judgment." We think the rule is fairly stated. It is premised with reference to an executory contract, one made such by the terms of the contract. It is supported by *Terrett* v. *Brooklyn Improvement Co.,* 87 N. Y. 92, 98; *Plunkett* v. *Black,* 117 Ind. 14, 17, 19 N. E. 537; *Van Ness* v. *Ransom,* 164 N. Y. App. Div. 483, 489. The rule follows the general rule in case of a breach of an essential element of a compromise contract that the other party to the contract may "regard the contract . . . as rescinded and may proceed on the original cause of action." *McElrath* v. *United States,* 102 U. S. 426; *Cornwell* v. *Sanford,* 208 N. Y. 126, 101 N. E. 709; 12 Corpus Juris, 360.

The defendant's claim that the judgment remains merely as security for the enforcement of the debt as measured by the compromise agreement is directly contradicted by the terms of the agreement and the obvious intention of the parties in making this agreement. The claim conflicts with the fact that the breach of the agreement by the defendant removed the bar which the agreement put upon the plaintiff of non-action under the judgment and gave to that instrument all the force of any unrestricted obligation to pay.

Since there had been paid under the agreement $775, there was due under the judgment, at the date of the transfer, $878.12. The defendant has in its possession, or has converted to its use, all of the machinery which belongs to the Kellner Lace Corporation and refuses to deliver the same to the plaintiff in satisfaction of the amount due on this judgment. Up to this point we are in entire accord with the positions taken by the trial court in its memorandum of decision. But the court held that there was no statute or law which would

justify a judgment against the defendant under the facts disclosed by this record, although this question had neither been raised upon the pleadings nor upon the trial. Counsel for the defendant upon the appeal does not argue the question, manifestly from an unwillingness to argue a proposition which he believed untenable—a professional position which does him credit. If our law was incapable of reaching a situation such as this and the defendant could, in violation of the law of New Jersey, remove from that jurisdiction, in virtue of a transfer which was void, property which should have been there available to meet the obligations of the transferror to its creditors, and the defendant having unlawfully possessed itself of this property could refuse to transfer it on the demand of a judgment creditor of the transferror, this would result in a fraud upon this creditor sanctioned by the infirmity of our legal procedure. Whether the law of New Jersey would furnish a remedy or not, we should anticipate that the reluctance of this court to permit a fraud of any character to prevail would lead it to find a remedy, particularly when the litigant, as in this action, had sought help from the far-reaching arm of equity.

We do not need to search for a remedy in this jurisdiction. The State of New Jersey, where this transfer originated, has held under this statute as interpreted by its court, which we have quoted, that a proceeding in equity would lie against the purchaser for the value of the goods. *Smith & Wallace Co.* v. *Goldner,* 92 N. J. Eq. 504, 111 Atl. 487. The plaintiff's action is in equity and the remedy given by the law of New Jersey is a part of the cause of action arising under the statute violated.

Moreover, the taking of this property unlawfully by the defendant for its own use constituted a conversion

of it and a tort against every creditor who had the right under this statute to have the property of their debtor transferred in bulk only upon strict compliance with the provisions of the statute which were designed for the protection of the creditor. "A tort committed in one State creates a right of action that may be sued upon in another unless its public policy forbids." *Orr* v. *Ahern,* 107 Conn. 174, 139 Atl. 691; *Dennick* v. *Central R. Co.,* 103 U. S. 11.

The Superior Court should have entered its decree that the sale as against the plaintiff was void and that the plaintiff recover the amount of the unpaid judgment of the plaintiff amounting to $878.12 with interest from the date of the transfer, February 6th, 1927.

There is error, the judgment is reversed and the Superior Court directed to enter its judgment for the plaintiff in accordance with this opinion.

In this opinion the other judges concurred.