BEN-BURK, INC. *v.* BERNSTEIN & KURSMAN, INC.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 7—decided April 4, 1940.

*Harry Kursman,* for the appellant (defendant).

*Margaret E. Connors,* with whom was *Arthur B. Weiss,* for the appellee (plaintiff).

JENNINGS, J.   The complaint in this action sought the recovery of a balance due for liquors sold by the plaintiff to the defendant.   The assignments of error are addressed to the sustaining of a demurrer to the

third defense to the complaint, to the finding, to the conclusions of the trial court and the overruling of the defendant's claims of law.

The plaintiff was a Massachusetts corporation and in its dealings with the defendant was engaged in interstate commerce. The defendant was a Connecticut corporation located in Bridgeport licensed by the United States and the state of Connecticut to conduct a wholesale liquor business along with its other wholesale business. The allegations of the third defense were to the effect that the plaintiff, being engaged in interstate commerce, engaged in unfair competition and unlawful practices in that it offered and gave to employees of the defendant, as stimulants for the sale of plaintiff's products, bonuses, premiums and other extra compensations, that this practice tended to destroy the business of the defendant with other sellers in interstate commerce and was in violation of the liquor laws of the United States, Massachusetts and Connecticut. The plaintiff being a Massachusetts corporation and the sales in question being made there we are concerned only with the federal and Massachusetts rules. *Kranke* v. *American Fabrics Co.,* 112 Conn. 58, 63, 151 Atl. 312; *National Surety Co.* v. *Nazzaro,* 239 Mass. 341, 346, 132 N. E. 49. The Massachusetts regulations forbid the giving of money or any other thing of substantial value to induce the purchase of any particular brand of alcoholic beverage. Regulations of the Alcoholic Beverages Control Commission, §§ 18, 47 (pursuant to Acts of Extra Session, 1933, Chapter 376). The Federal Alcohol Administration Act, 27 U. S. C. A. §§ 205 (c), 207, forbids the giving of any bonus, premium or compensation to any trade buyer to restrain or prevent transactions in liquor in interstate commerce. Both regulations carry a penalty for their violation.

The courts will not grant relief if the proof of an illegal contract is necessary to support the action or the purpose of the contract is to violate the law. *Vaszauskas* v. *Vaszauskas,* 115 Conn. 418, 423, 161 Atl. 856; *Tator* v. *Valden,* 124 Conn. 96, 102, 108 Atl. 169. Here, however, for all that appears in the allegations of the defense, the perfectly legal sale which was the basis of the plaintiff's claim and its methods of pushing its products were separate and distinct transactions. While the latter may have exposed it to a penalty, its indulgence in these practices is no defense to a suit for goods sold and delivered. It was so held in *American Distilling Co.* v. *Wisconsin Liquor Co.,* 104 Fed. (2d) 582, 585, 123 A. L. R. 739. See also *Sagal* v. *Fylar,* 89 Conn. 293, 296, 93 Atl. 1027; *Vaszauskas* v. *Vaszauskas,* supra, 426. The ruling on the demurrer was correct.

No correction can be made in the finding which will materially affect the conclusions reached. The bare essentials necessary to present the issue decisive of the case are as follows: When the privilege of the defendant of acting as distributor of the liquor products manufactured by the plaintiff was cancelled, it had about nine hundred cases of its products on hand. It was given the choice of returning or paying for them. It elected to return half of them. The question was whether this was a sale by the defendant to the plaintiff to be credited at the prices the defendant received from its retailers or was a return for credit under a custom of the wholesale liquor trade by which the price paid by the distributor when he purchased them from the manufacturer was allowed. The trial court decided on conflicting evidence, after giving effect to certain additional credits claimed by the defendant, that the transaction fell in the latter category and this finding must stand.

The defendant's claim that this return violated the Federal Alcohol Act, referred to above, is answered by the proviso attached thereto allowing "the bona fide return of merchandise for ordinary and usual commercial reasons after the merchandise has been sold." The only other question deserving mention is the claim that certain false representations made by the plaintiff to the defendant's customers tended to hinder the disposal of the stock retained by the defendant. Since this was all sold without loss, no damage to the defendant ensued. The claim that the delay in disposing of the stock resulted in the failure of the defendant to secure a rebate on its state liquor license is answered by the fact that this was special damage and, not being pleaded, was not available to the defendant. *Kane* v. *New Idea Realty Co.*, 104 Conn. 508, 511, 133 Atl. 686.

There is no error.

In this opinion the other judges concurred.