COLLINS B. WARNER *vs.* JESSE HOWARD & others.

Berkshire. Sept. 12. — Oct. 21, 1876. COLT, MORTON & ENDICOTT, JJ., absent.

A recognizance entered into under the Gen. Sts. c. 137, § 9, on an appeal from the judgment of a magistrate for restitution of the premises demanded in a writ of forcible entry and detainer, must be in a specific sum.

CONTRACT upon the following recognizance under seal: "Commonwealth of Massachusetts. Berkshire, ss. Be it remembered that on the seventh day of April, in the year of our Lord eighteen hundred and seventy-three, personally appeared before me, Joseph Tucker, Esq., Justice of the District Court of Central Berkshire, holden at Pittsfield, in said county, Sidney A. Luce as principal, and Jesse Howard and Horace A. Hibbard as sureties, and acknowledged themselves to be jointly and severally indebted unto Collins B. Warner, in such a sum as shall cover

the conditions of this recognizance, to be levied on their several goods or chattels, lands or tenements, and in want thereof, upon their bodies, to the use of the said Collins B. Warner, if default be made in the performance of the condition hereunder written.

" The condition of the above written recognizance is such, that the above named Sidney A. Luce, principal, shall prosecute with effect an appeal by him made from a judgment given by me, the said justice, against him, at a term of said court, held before me at said Pittsfield, on the fifth day of April, 1873, in favor of the said Collins B. Warner, and shall pay all rent now due, all intervening rent, and all damages and loss which said Collins B. Warner may sustain by the withholding of the premises, and by any injury done thereto during such withholding, together with all costs, until the restitution of the premises to the plaintiff in case the judgment from which this appeal is taken is affirmed, then this recognizance is void, otherwise in full force."

" Witness, Joseph Tucker, Esquire, at said Pittsfield, this seventh day of April, in the year of our Lord eighteen hundred and seventy-three. Walter B. Smith, Clerk."

The defendants demurred to the declaration on the ground that the recognizance was invalid because it was not " for a certain or definite sum, or for any penal sum."

The demurrer was sustained in the Superior Court, and judgment ordered for the defendants ; and the plaintiff appealed to this court.

*J. M. Barker*, for the defendants.

*E. M. Wood*, for the plaintiff.

DEVENS, J. While, by the Rev. Sts. *c.* 104, § 10, it is provided that in cases similar to the present the defendant " shall recognize to the plaintiff with sufficient surety or sureties not only to enter the action, but also to pay all rent then due and all intervening rent, damages and costs," the words " in such reasonable sum as the court shall order," which existed in the St. of 1825, *c.* 89, § 2, from which this provision is taken, are omitted. There is a similar omission in the Gen. Sts. *c.* 137, § 9. It is contended by the plaintiff that such a recognizance should not now be taken in a penal or specific sum. There is no suggestion made, in the report of the commissioners on the Rev. Sts., of any

intention to alter the form of the recognizance, nor in our opinion was such alteration made by enacting the statute with this omission.

The remedy provided by the Rev. Sts. was that which had before been in use by *scire facias*, or the action of debt. The action of debt was a suitable remedy only where the demand sued was for a sum certain, or was a pecuniary demand which could readily be reduced to a certainty. 1 Chit. Pl. (6th Am, ed.) 128. It was appropriate therefore, if there was a specific sum for which judgment was to be rendered, but not so if that sought to be recovered was in whole or in part unliquidated damages.

A recognizance is an obligation of record, entered into before a court or magistrate duly authorized for that purpose, with a condition to do some act, required by law, which is therein specified. 2 Bl. Com. 341. And it is said by Mr. Dane, " Our recognizance is taken in court or before a magistrate, and is a contract voluntarily entered into in a certain sum attested by the clerk or magistrate." 5 Dane Ab. 277. No recognizance is known to us in use in this Commonwealth, which is not for a sum certain, although the recognizance for a debt is not for a penal sum, but for the payment of the debt itself. Gen. Sts. *c.* 152.

For two reasons, the sum, in which such a recognizance as this is taken, should be specific : First, that the sureties should know the extent of their liability. Second, that the court or magistrate who is to determine whether the sureties offered are sufficient should first ascertain the liability to which they are to be subjected.

This is not such a case as those in which it has been held that the recognizance was good against the defendant, because he had been placed under a less obligation than that which might legally have been required of him. *Shaw* v. *McIntier*, 5 Allen, 423. Instead of a definite demand, the principal defendant was here required to find sureties for one which was undefined.

*Judgment for defendants affirmed.*