Lovejoy et al. *v.* Isbell.

JOSELYN E. LOVEJOY ET AL. *vs.* GEORGE A. ISBELL.

Third Judicial District, Bridgeport, April Term, 1898.   ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

70  557
73  541
70  557
75  651
75  653

Section 896 of the General Statutes provides that before a non-resident shall commence a suit in this State, he shall "enter into a recognizance" to the adverse party "with some substantial inhabitant of this State as surety," or some "substantial inhabitant of this State" shall enter into a recognizance, conditioned that the plaintiff shall prosecute his action to effect. In 1885 surety companies of other States were authorized (General Statutes, §§ 3787, 3790), upon complying with certain conditions, to transact business in this State, and might "be accepted as surety upon the bond of any person or corporation required by the laws of this State to execute a bond, in lieu of any surety or sureties as now required by law." *Held* that this legislation, being remedial in character, ought to receive a liberal construction in order to accomplish its beneficial purpose; and that so construed it authorized the acceptance of the bond or "recognizance" of a surety company for costs in a civil action begun by a non-resident.

In giving a recognizance for costs the bondsman's undertaking is that of a surety, although the plaintiff is not formally joined as principal.

[Argued April 27th—decided June 1st, 1898.]

ACTION to recover damages for fraud, brought to the Superior Court in New Haven County and tried to the court, *Roraback, J.,* upon the plaintiffs' demurrer to the defendant's plea in abatement; the court overruled the demurrer and sustained the plea, and thereafter, pursuant to such ruling, judgment was rendered (*George W. Wheeler, J.*) for the defendant, and the plaintiffs appealed for alleged errors in the rulings of the court. *Error and judgment reversed.*

. The magistrate issuing the writ accepted the recognizance of the American Surety Company of New York, a corporation transacting business in this State as surety on obligations of persons, in pursuance of the laws thereof, in lieu of the recognizance of a substantial inhabitant of this State, mentioned in § 896 of the General Statutes. The defendant pleaded the acceptance of such a recognizance in abatement; the plaintiffs demurred, and the court (*Roraback, J.*) overruled the demurrer. An answer to the plea was then filed, and upon the issue joined the court (*George W. Wheeler, J.*), following the ruling on the demurrer, rendered judgment for the defendant. The plaintiffs appealed, assigning error in overruling the demurrer and also certain errors in the subsequent proceedings.

*John Albert Matthewman,* for the appellants (plaintiffs).

*E. P. Arvine* and *George E. Beers,* for the appellee (defendant).

HAMERSLEY, J. "An Act relating to Corporate Suretyship," passed in 1885, authorized corporations of other States organized "for the purpose of transacting business as surety on obligations of persons or corporations," to transact such business in this State; prescribed certain conditions for securing the solvency of such companies, and provided for their being sued here as if residents of the State. Public Acts of 1885, p. 469. This Act covered the whole business of suretyship on obligations, except in relation to bonds prescribed by statute. At the same session "An Act relating to the Giving of Bonds required by Law," was passed (Public Acts of 1885, p. 468), which provided that any company authorized to transact business as surety on obligations of persons or corporations, may "be accepted as surety upon the bond of any person or corporation required by the laws of this State to execute a bond, in lieu of any surety or sureties as now required by law, and such company may be released from its liability on the same terms and conditions as are by law pre-

scribed for the release of individuals, it being the true intent
and meaning of this Act to enable corporations created for
that purpose to become the surety on bonds required by law,
subject to all the rights and liabilities of private persons."
These Acts appear in the General Statutes of 1888, §§ 3787–
3801.

Section 896 of the General Statutes requires that before a
magistrate can issue process in a civil action, the plaintiff
therein, if he be not an inhabitant of the State, shall " enter
into a recognizance to the adverse party with some substan-
tial inhabitant of this State as surety, or some substantial
inhabitant of this State shall enter into a recognizance to
the adverse party, that the plaintiff shall prosecute his action
to effect," etc.  Such recognizance must be satisfactory to
the authority issuing the writ.

In the present case the magistrate accepted the recogni-
zance of the American Surety Company, duly authorized to
transact in this State business as surety on the obligations
of persons.  The defendant pleaded in abatement the accept-
ance of the recognizance in lieu of the recognizance of some
substantial inhabitant of this State, and the plaintiffs de-
murred. · The Superior Court overruled the demurrer.  This
is error.

A recognizance is a bond in the strict sense of the word,
and a statutory requirement to give bond with surety is sat-
isfied by entering into a recognizance for that purpose.  *New
Haven* v. *Rogers*, 32 Conn. 221, 224.  When the statute
authorized any officer charged with the duty of approving
such bonds, to accept a corporation as surety upon the bond
of any person required by law to execute a bond, it included
a recognizance as well as other bonds.  It is claimed that
the corporation was not in this case accepted as surety, but
assumed an independent obligation; if this be true, it is only
so in the most technical sense.  The relation of principal
and surety exists between the plaintiff and the corporation.
It is the plaintiff that is required by law to give bond; in
accepting the recognizance of the corporation the magistrate
accepts the corporation as surety for the person who is by

law required to give bond. That the formal joinder in the recognizance of the principal may in certain cases be dispensed with, does not alter the nature of the obligation. The corporation is still accepted as surety. In *Ripley* v. *Merchants' National Bank*, 41 Conn. 187, 190, it was intimated a bond for costs given by a surety might satisfy a statute requiring a bond by the plaintiff with surety, although the point was not decided. This was in 1874, and in 1875 the legislature passed the Act which now enables a bond for costs to be given either by the plaintiff with surety, or by the surety without the plaintiff. Public Acts of 1875, p. 24. The effect of this Act was to treat a bond by the surety as the equivalent of a bond by the plaintiff with surety.

It is claimed that section 896, in requiring the surety to be a "substantial inhabitant of this State," sought to give a peculiar protection to the defendant; that this protection has existed by law since 1703, and that a repeal of this law by permitting a foreign corporation to take the place of a "substantial inhabitant" must, to be valid, be direct and not by implication.

Attachment on mesne process was authorized in 1650, and the party taking out a writ of attachment was required to give "sufficient surety and caution" to prosecute his action and answer to the defendant for costs. 1 Col. Rec. 511. And this notion of a bond for prosecution as a surety for the good faith of the plaintiff in taking out his writ, as well as for his obligation to pay costs of suit, controls all additions to the original law. In 1703 it was enacted that when any inhabitant of a neighboring province shall take out any writ or summons to bring an inhabitant of this Colony to any of the courts thereof, "there shall be sufficient bond given by such person with good surety or sureties of substantial inhabitants of this Colony, to prosecute," etc. 4 Col. Rec. 410. In 1754 it was enacted that where the person issuing a writ of summons is satisfied that the plaintiff has not property sufficient to pay a bill of costs, he shall "require and take bond with surety that the plaintiff shall prosecute," etc. 10 Col. Rec. 316.

It is evident that the law requiring an "inhabitant" as surety, in case of a non-resident plaintiff, was due in part, to the fact that in 1703 the neighboring provinces were wholly separate governments, and difficulties existed in enforcing the obligations of their citizens which did not exist after the war of the revolution, and especially after the adoption of our Federal Constitution. And so we find that the word "inhabitant" came to be regarded mainly as descriptive of a sufficient security. In the Revision of 1808, the surety of an "inhabitant" is required in case of a non-resident plaintiff who takes out a writ of summons, and also in case of a resident plaintiff unable to pay a bill of costs, who takes out a writ of summons; but a plaintiff who takes out a writ of attachment is required only to give "sufficient security." Statutes of 1808, p. 31. It is evident the phrase "substantial inhabitant," as used in this Revision, has lost something of its original significance. In the Revision of 1849 there are some changes in the phraseology, but the suggestion that the requirement of a "substantial inhabitant" as surety, is directed mainly to the sufficiency of the bond, remains. Rev. of 1849, p. 51. In the Revision of 1875, p. 397, and 1888, § 896, all distinction in bonds for prosecution is dropped, and the statute describes the sufficient security to be given where any bond is required, as "a recognizance to the adverse party with some substantial inhabitant of this State as surety."

The bond given by a foreign corporation under the statute of 1885, complies in every essential particular with the purpose of § 896. It is sufficient security; the surety is substantial,—possessed at least of $250,000, and found to be solvent upon examination by our State insurance commissioner; and if not strictly an "inhabitant," it is practically so for all purposes of being sued here on its obligations. A corporation organized in one State may so conduct its business in another as to become for some purposes a resident of the latter State. *Crouse* v. *Phœnix Ins. Co.*, 56 Conn. 176, 181; *New England Mut. Life Ins. Co.* v. *Woodworth*, 111 U. S. 138, 145.

The compliance by a corporation with the terms of the

Lovejoy et al. *v.* Isbell.

Act of 1885, certainly puts it in the position of a resident, so far as the facilities of bringing an action and obtaining a valid judgment against it depend on residence.

But assuming that § 896 requires the surety to be technically an "inhabitant" of this State, this requirement is simply descriptive of the surety; and the Act of 1885 says the corporation may be accepted as surety "in lieu of any surety or sureties as now required by law." Whatever kind of surety the law may require, the corporation may be accepted in lieu of that surety. This provision is not strictly a repeal of § 896; that section remains in force; the magistrate must still require as a surety some substantial inhabitant, unless he is satisfied with a surety of a slightly different description that the new law authorizes him to accept. So far as the Act of 1885 can be regarded as a repeal of § 896, it is clear and unmistakable in meaning and intent, and is not open to objections that may be urged to a repeal by implication.

The claim that surety company bonds are confined to fiduciaries, restricts the scope of the plain language of the statute.

The view we take is not free from difficulty, especially if a technical and strict rule of construction should be followed. The legislation of 1885 was adopted to give effect to the policy of encouraging the substitution of corporate for individual bonds, in all cases where suretyship is required. The statute is a remedial one. It seeks to supply a public need; to remedy a public evil. Such a statute should receive as liberal a construction as can reasonably be given, to effectuate its beneficial purpose. And so in determining whether bonds for prosecution are within the statute, the question is, are these bonds within the equity of the Act and are they fairly covered by the language used? We think they are.

There is no occasion to consider the effect of the statute in reference to bail bonds; and we do not pass upon that question.

As our conclusion disposes of the plea in abatement on its merits, there is no occasion to consider the other errors assigned.

There is error in the judgment of the Superior Court upon the plea in abatement, that judgment is reversed and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.