ELECTRIC WELDING COMPANY, Limited, *vs.* FREDERICK H. PRINCE & others.

Suffolk.   November 11, 1908. — January 5, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Evidence,* Proof of foreign law.   *Corporation,* Foreign, Liability of stockholders. *Practice, Civil,* Reservation by report.

In certain actions to enforce the liability of registered stockholders under the companies act of Great Britain, St. 25 & 26 Vict. c. 89, the liability of the defendants depended on what the law of England was, and there were put in evidence an auditor's report and answers to interrogatories, oral testimony of some of the defendants and particularly the oral testimony of an eminent English barrister who testified at length, discussing and expounding most if not all of the numerous English decisions bearing upon the questions at issue. All of these decisions were put in evidence as well as the act of Parliament in question, St. 25 &

26 Vict. c. 89. The evidence was such that a tribunal of fact could find upon the whole evidence, following the opinion of the expert, that there was no ground for charging the defendants under the law of England, and, on the other hand, the English decisions put in evidence would warrant a tribunal of fact in returning verdicts for the plaintiff, so that the counsel on both sides could make strong arguments in favor of their respective contentions. The facts to which the law of England was to be applied differed materially from those in any case decided by an English court. *Held*, that, in this state of the evidence, the question of fact as to what the law of England was must be left to the jury, and that it was error to order a verdict either for or against any of the defendants.

At a trial, in which the question what the law of England is on a certain subject is an issue, an opinion of this court at an earlier stage of the same case, dealing with the law of England as proved at a former trial of the case, is not admissible in evidence to show what the law of England is.

By a report made in an action at law by a judge of the Superior Court or of the Supreme Judicial Court under R. L. c. 173, § 105, only questions of law can be presented for determination by the full court, and this court, even by the agreement of the parties in a case where the fact to be determined upon the evidence is what the law of a foreign country is, have no authority to decide what verdict should have been rendered by the jury.

SEVENTEEN ACTIONS OF CONTRACT, by a corporation organized on May 1, 1899, under the companies act of Great Britain, St. 25 & 26 Vict. c. 89, to recover certain sums of money alleged to be due from the several defendants on their respective subscriptions for ordinary shares of the plaintiff's capital stock. Writs dated May 12, 1894.

In the Superior Court these cases together with three others were sent to an auditor and later were tried before *Hardy*, J., who directed verdicts for the defendants, and reported the cases to this court for determination. In a decision, reported in 195 Mass. 242, it was ordered that the cases should stand for trial upon the second count of the declaration, which sought to hold the defendants as registered stockholders under the companies act of Great Britain.

Seventeen of the cases accordingly were tried again before *Gaskill*, J., upon the second count and upon a fourth count added by amendment as explained in the opinion.

At the close of the evidence, the judge, after conference with the parties, ordered a verdict for the plaintiff against the defendant Prince on the fourth count, a verdict for the plaintiff against the defendant Pope on the fourth count, verdicts for all the defendants on the second count and a *pro forma* verdict for each of the defendants except Pope and Prince on the fourth

count. The defendants Pope and Prince excepted to the ordering of the verdicts against them, and the plaintiff excepted to the ordering of the verdicts in favor of the defendants on the second count and to the ordering of the verdicts in favor of the defendants except Pope and Prince on the fourth count. The verdicts were returned by the jury in accordance with these directions, and the judge reported the cases for determination by this court it being agreed by the parties that, if upon the competent evidence set forth in the report the ordering of the verdicts was correct, judgment was to be entered in accordance with such directions and verdicts. If, in any case, a different verdict should have been ordered or returned, this court might so order, and final judgment might be entered accordingly. If any of the verdicts should be set aside, then such order was to be made. The parties agreed that the determination of the English law, in law and in fact, was to be made by this court upon the competent evidence reported.

*E. F. McClennen,* for the plaintiff.

*C. A. Hight,* (*G. S. Selfridge* with him,) for the defendants.

KNOWLTON, C. J. These seventeen cases, brought to enforce the same kind of a liability against different defendants, were tried together in the Superior Court and were reported by agreement of the parties for our determination. They, have been before us previously, and the report of them may be found in 195 Mass. 242. At the first trial verdicts for the defendants were ordered, and the cases were reported to this court on questions of law.

There were three counts in the declaration in each case. The verdict was treated as a separate verdict on each count, and the result of the hearing in this court was to leave the verdict to stand upon the first and third counts, and to set it aside on the second count in all the cases. The order in each rescript was " Case to stand for trial on the second count." This left the cases pending on the second count only. After the close of the evidence at the last trial an amendment to the declaration was allowed, which introduced a fourth count that rests upon the same general grounds as the second count, but seemingly was designed to meet the defendants' contention that there was a variance between the averments and the proof. The

principal facts appear in the report of the former decision of this court.

Besides the evidence taken at the first trial, which consisted of an auditor's report, answers to interrogatories, and decisions, there was additional evidence at the last trial, consisting of a deposition, testimony of some of the defendants, and particularly the oral testimony of a very eminent English barrister, Mr. Hamilton, who has written a text book of authority known as " Hamilton's Company Law " and has often argued important cases of company law before the highest courts of England. He was called by the defendants and testified at great length, discussing and expounding most if not all of the numerous English decisions bearing upon the questions of law at issue in these cases. All of these decisions were put in evidence, many of them by the plaintiff, so that the court had before it a large body of English law contained in many decisions of the courts, together with the opinion of this expert in regard to these decisions and the act of Parliament in question. The statute is " The companies' act," 25 & 26 Vict. c. 89, and the language on which the plaintiff sought particularly to hold the defendants is the last clause of § 323, as follows : " and every other person who has agreed to become a member of the company under this act, and whose name is entered on the register of members, shall be deemed to be a member of the company." The plaintiff's contention is that the defendants, by virtue of their several agreements with a promoter to underwrite certain amounts of the stock of the plaintiff corporation at its organization, and of the entry of their names as stockholders upon the registry of the corporation about sixteen months later, without their knowledge, followed by notice of the registration and their omission to take any action in regard to it, became bound to pay to the corporation the par value of the stock allotted to them. At the close of the evidence the presiding judge ordered verdicts for the plaintiff against the defendants Prince and Pope, each of whom had made a payment after the registration, and ordered verdicts for all the other defendants, and reported the cases.

The first questions that arise under the report are whether these orders were right as a matter of law. The principal contention between the parties was in regard to the law of Eng-

land by which their rights are governed. The law of a foreign country is not judicially recognized by our courts, but is a fact to be proved like any other fact in a case. *Ufford* v. *Spaulding,* 156 Mass. 65. *Hazelton* v. *Valentine,* 113 Mass. 472, 478. Said Mr. Justice Endicott in *Ames* v. *McCamber,* 124 Mass. 85, 91 : "When the law of another State is in dispute, it is to be determined as a question of fact by the court or jury trying the cause. . . . If the evidence was conflicting, as the plaintiff contends, we have no authority to revise the finding, although the judge has reported the evidence." The proof of the law of a foreign country may be by the introduction in evidence of its statutes and judicial decisions, or by the testimony of experts learned in the law, or by both. If the law is found in a single statute or in a single decision, the construction of it, like that of any other writing, is a question of law for the court. As was said in *Wylie* v. *Cotter,* 170 Mass. 356, 357 : "The law of another State is a fact to be proved, like any other fact, by evidence. Where the evidence is a single statute or a decision of a court, the language of which is not in dispute, the interpretation of it presents a question of law for the court; but where the law is to be determined by considering numerous decisions which may be more or less conflicting, or which bear upon the subject only collaterally, or by way of analogy, and where inferences may be drawn from them, the question to be determined is one of fact, and not of law." Questions of the latter kind must be decided by the jury and not by the judge.

In the present case, if the jury followed the opinion of the expert, they would decide that there was no liability on the part of those defendants who made no payments after the registration. We are of opinion that there was evidence in his testimony, taken in connection with inferences that might have been drawn from other evidence, which would have warranted them in reaching the same result as to the defendants Prince and Pope, against whom verdicts were ordered. The counsel on both sides have been able to make strong arguments in favor of their respective contentions. A tribunal of fact well might find upon the whole evidence that there was no ground for charging the defendants under the law of England. On the other hand, all the decisions were in evidence on which this

court, in the former opinion, held that there was evidence which should have been submitted to the jury on which the defendants might have been found liable.   These decisions would warrant a tribunal of fact in returning verdicts for the plaintiff.   In its facts this case differs materially from any decided by the English courts, and such a tribunal might think that the expert witness was wrong in his application of the principles of law to the evidence.   Then too, in connection with the determination of- what the law of England is, comes the question what inferences shall be drawn from the findings of the auditor and the other evidence, considered in connection with the English statute as interpreted by the English courts. We are of opinion that all or nearly all the important questions in dispute were questions of fact, upon which the judge could not properly rule as matter of law, and that all the verdicts must be set aside.

The plaintiff's offer of the former opinion of this court as evidence was rightly rejected.   The opinion was not evidence of the law of England.   *Gordon* v. *Knott*, 199 Mass. 173, 179. Our decision as to that part of the cases which was left open was only that the cases should have been submitted to the jury on the second count.   In dealing with the law of England as a fact, the court held that the decisions put in evidence at the trial would warrant the jury in finding for the plaintiff.

In making his report the judge, with the consent of the parties, has undertaken to present to this court the question what verdicts the jury should have rendered, if the cases had been submitted to them.   The power of a judge to report a case after a verdict on the law side of the court is found in R. L. c. 173, § 105, which is in part as follows : " A justice of the Supreme Judicial Court or the Superior Court, after verdict, or after a finding of facts by the court, . . . may report the case for determination by the full court."   Under this language the facts must first be found either by a jury or by the judge, and the case may then be reported.   This means the case upon the facts found, or, in other words, the questions of law.   The full court as an appellate tribunal, on its law side, has jurisdiction only of questions of law.   In the R. L. c. 156, § 7, the power of justices of the Supreme Judicial Court to reserve questions for

the full court includes only questions of law. Under § 6 of the same chapter, the jurisdiction that is given in the classes of cases therein mentioned is only of questions of law. Questions of discretion or questions of fact of any other kind cannot be carried to the full court, either by report or by exception or appeal. Said Chief Justice Gray in *Churchill* v. *Palmer*, 115 Mass. 310, 313, " The authority given by statute to the Superior Court to make reports to this court extends only to questions of law. A report, like a bill of exceptions, should be so framed by the presiding judge, or by the counsel with his approval, as to state the nature of the case, and the questions of law intended to be reserved, and so much only of the facts or the evidence as may be necessary to present those questions to this court. The decision of the jury or the court below upon questions of fact or the weight of evidence is not open to revision here." See also *Sheffield* v. *Otis*, 107 Mass. 282. In equity the rule is different. Questions of discretion and other questions of fact are open upon an appeal or a reservation.

Under this part of the report we have no authority to take upon ourselves the duties of a tribunal of fact, and to determine what verdicts should have been rendered by the jury. No judgment could legally be founded upon such action by this court. Not even an agreement of the parties can give us jurisdiction so to act in a judicial capacity. Action of this kind at the request of the parties would be merely that of a number of arbitrators proceeding without statutory authority. Convenient and helpful as it might be to the litigants to have these cases finally decided without further litigation, we must decline to act extrajudicially in a matter that comes before us sitting as a court. In each of the cases the entry must be

*Verdicts set aside and new trial granted.*