NATIONAL SURETY COMPANY *vs.* MICHAEL B. NAZZARO.
MICHAEL B. NAZZARO *vs.* NATIONAL SURETY COMPANY.

Suffolk.    March 6, 1919. — May 20, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, What constitutes, Performance and breach.    *Bail*.    *Words*, "Bail," "Recognizance."

No action can be maintained by a surety company upon a contract in writing to indemnify it against loss which it might incur by reason or in consequence of having executed a bail bond to secure the release of one under arrest in Connecticut, if it appears that the bail bond, when presented to the clerk of the court in Connecticut, was refused by him and that the prisoner, instead of being released by reason of the bond, was released upon the personal recognizance of an officer of the surety company.

Difference between a bail bond and a recognizance pointed out.

TWO ACTIONS OF CONTRACT, the first action being upon an agreement in writing by the defendant to indemnify the plaintiff against loss arising from its becoming surety upon a bail bond for one Frank McKenna, under arrest in the State of Connecticut and charged with larceny.    The second action was upon an account annexed for $600, money deposited by the plaintiff with the defendant "in matter of bail bond of Frank McKenna." Writs dated, respectively, February 14 and February 20, 1917.

The provision of the indemnity contract material to the actions was as follows:

"Second: That the undersigned [Nazzaro] shall and will at all times indemnify and keep indemnified the Company, and hold and save it harmless from and against any and all damages, loss, costs, charges and expenses of whatsoever kind or nature, including counsel and attorneys' fees, which the Company shall or may at any time sustain or incur by reason or in consequence of having executed said instrument [the bail bond]; and that we will pay

over, reimburse and make good to the Company, its successors and assigns, all sums and amounts of money which it or its representatives shall pay or cause to be paid or become liable to pay on account of having executed said instrument and on account of any damages, costs, charges and expenses of whatsoever kind or nature, including counsel and attorneys' fees, which the company or its representatives may pay, or become liable to pay by reason of having executed said instrument, or in connection with any litigation, investigation or other matters growing out of or connected therewith, such payment to be made to the Company as soon as it shall have become liable therefor, whether the Company shall have paid out said sum or any part thereof or not."

In the Superior Court the cases were tried together before *McLaughlin,* J. The material evidence is described in the opinion. The judge refused requests by Nazzaro, made at the close of all the evidence, that a verdict be ordered for him in each action, and, at the request of the surety company, ordered a verdict for it in the first action in the sum of $500, and for it as defendant in the second action. Nazzaro alleged exceptions.

*J. E. Crowley,* for Nazzaro.

*J. E. McConnell,* for the National Surety Company.

DE COURCY, J. These actions, based on an indemnity contract, arose out of the following transaction: Nazzaro applied at the Boston agency of the surety company to have it become surety on a bail bond to the State of Connecticut, in behalf of one Frank McKenna, who was under arrest in that State. He paid the premium, executed a contract of indemnity to protect the surety company against loss, and deposited with it as collateral security the sum of $600. The agent gave to Nazzaro a letter introducing one Blume to Fitch D. Crandall, the company's agent at New London, the letter stating that Blume was to arrange "details with you [Crandall] in connection with the execution of a bail bond in behalf of Frank McKenna." ·

The New York office of the surety company forwarded to Crandall a bail bond for $1,000, on which the company was surety. With Blume and an attorney employed by Blume as counsel for McKenna, Crandall went to the court house and presented the bail bond. The clerk of the court refused to accept it, but said he would accept the personal recognizance of Crandall. After some

telephone communication with the company's New York office, Crandall recognized for the prisoner's appearance at court; and later the company executed a bond to indemnify him. McKenna was afterwards defaulted, and Crandall's liability on the recognizance was discharged by the check of the surety company for $1,000 paid to the prosecuting attorney.

The action of the National Surety Company was brought to recover the difference between the $600 deposited by Nazzaro and the $1,000 it paid in discharge of Crandall's liability, together with its counsel fees. Nazzaro seeks by his action to get back the $600 deposited by him as collateral security.

The instrument on which the surety company seeks to prevail is a comprehensive, carefully framed indemnity contract under seal, presumably prepared by the company. It plainly contemplates the signing of a "bail bond" by the company, as surety. It recites, "Whereas, the Company signed and executed said bond as such surety upon condition of the execution and delivery hereof. . . ." Nazzaro's obligation is expressly confined to indemnifying and saving harmless the company from its liability "upon said instrument," or in connection therewith. As matter of fact the bail bond which the company signed was not accepted, and never became operative. The release of McKenna was not obtained on a bail bond but on a recognizance. And the surety on the recognizance was not the surety company but Fitch D. Crandall.

The words "recognizance" and "bail" when used in statutes are often construed as interchangeable; and, speaking generally, like rules of law are applicable to both these kinds of obligation. See *Commonwealth* v. *Gove*, 151 Mass. 392; *Lovejoy* v. *Isbell*, 70 Conn. 557; *In re Brown*, 35 Minn. 307; *Swan* v. *United States*, 3 Wyo. 150. Nevertheless a bail bond and a recognizance are intrinsically different. In criminal cases a bail bond is a contract under seal, executed by the accused, and from its nature requiring sureties or bail to whose custody he is committed. A recognizance is an obligation of record, entered into before some court or magistrate authorized to take it, with condition to do some particular act; and the prisoner is often allowed to obligate himself to answer to the charge. 6 C. J. 821, and notes. *Crane* v. *Keating*, 13 Pick. 339. *Commonwealth* v. *M'Neill*, 19 Pick. 127. *Commonwealth* v.

*Canada,* 13 Pick. 86. *Warner* v. *Howard,* 121 Mass. 82. R. L. c. 217, §§ 65, 66, 77. St. 1912, c. 330. *People* v. *Kane,* 4 Denio, 530. *State* v. *Dorr,* 59 W. Va. 188. *State* v. *Wilson,* 175 S. W. Rep. 603. The rights and liabilities of the sureties in a bail bond and of sureties in a recognizance may be different. See *Merrill* v. *Prince,* 7 Mass. 396; *Johnson* v. *Randall,* 7 Mass. 340.

Without going further, we are of opinion that it could not be ruled as matter of law that by providing a recognizance to release McKenna the surety company had complied with its express obligation to execute a "bail bond," thereby entitling it to recover on Nazzaro's contract of indemnity. While apparently it is the practice in Massachusetts to use a recognizance, the law of Connecticut, where bail was to be given, was not introduced in evidence at the trial. See *Electric Welding Co. Ltd.* v. *Prince,* 200 Mass. 386. And as there was conflicting evidence as to Blume's powers, it was for the jury to say whether he was the agent of Nazzaro, and was authorized to bind him by substituting a recognizance for a bail bond, and another surety for the surety company. In *Bird* v. *Washburn,* 10 Pick. 223, on which the surety company relies, the obscure agreement was construed as intended to indemnify both or either of the plaintiffs, according to the contingent event that both or either should become bail.

It follows that Nazzaro's exception in each case to the direction of a verdict for the surety company must be sustained; and it is

*So ordered*