NATIONAL SURETY COMPANY *vs.* MICHAEL B. NAZZARO.

MICHAEL B. NAZZARO *vs.* NATIONAL SURETY COMPANY.

Suffolk.   March 17, 21, 1921. — July 14, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY,. CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Bail Bond.   Conflict of Laws.   Contract,* Of indemnity, Construction.  *Recognizance.   Surety.   Words,* " Recognizance," " Bond."

In an action by a surety company upon a contract in writing executed and delivered in Massachusetts to indemnify it for a " bail bond " to be executed, delivered and performed in Connecticut for the liberation of a prisoner in that State or any " matter growing out of or connected therewith," it.appeared that the bail bond was executed but was refused by the clerk of courts in Connecticut, who demanded bail in the form of a recognizance, which was furnished by authority of the surety company and approved of, by an agent of the defendant.   There was evidence that the prisoner defaulted and that the surety company paid the forfeited recognizance.   It further appeared that by the law of Connecticut, which in that particular differed from the law of Massachusetts, " recognizance " and " bond " were synonymous terms used interchangeably.   *Held,* that
   (1) The purpose of the indemnity contract being to indemnify the ´surety company respecting the main contract, described therein as a " bail bond," which was to be executed, delivered and performed in Connecticut, the term, "bail bond" must be interpreted according to the law of Connecticut;
   (2) The indemnity bond was to be interpreted as if it read "recognizance" instead of "bail bond" in describing the main contract to be executed in Connecticut;
   (3) The surety company was entitled to recover.
In the above described action it was *held* that a ruling of law " That the giving of a recognizance for [the prisoner] was a 'matter growing out of or connected therewith,' the execution of a bail bond " properly was given.

TWO ACTIONS OF CONTRACT, the first action being by a surety company upon a contract in writing to indemnify it for loss sustained under a bail bond, and the second action being by the indemnitor upon the same contract to recover a sum of money given by him to the surety company as security therefor.   Writs. dated respectively February 14 and February 20, 1917.

The actions formerly were before this court and the facts are reported in 233 Mass. 74.   They were heard a second time in the Superior Court by *Hall,* J., without a jury.   By agreement of both parties the stenographic notes of the evidence of the

previous trial were submitted as evidence. Other material evidence and findings and rulings by the judge are described in the opinion.

At the close of the evidence Nazzaro duly requested that a finding be made for him as defendant in the action of National Surety Company *vs.* Nazzaro, and that a finding be made for him as plaintiff in the action of Nazzaro *vs.* National Surety Company. The judge refused so to find, and in the case of National Surety Company *vs.* Nazzaro, Nazzaro asked for and the judge refused the following rulings:

" 1. The court should find for the defendant.

" 2. The contract of the defendant was to indemnify the plaintiff as surety upon a bail bond and, as the plaintiff did not become surety upon such bond, it cannot recover.

" 3. The liability of the defendant was limited by the indemnity contract to the bail bond described in the contract, and did [not] extend to a recognizance by a person other than the plaintiff.

" 4. Any authority delegated by the defendant to any person in the matter of details involved in the contract did not authorize such person to substantially change the contract without the knowledge of the defendant.

" 5. The person described as 'Blume' had no authority to bind the defendant to indemnify the plaintiff as surety upon an indemnity bond to a person entering into a recognizance unknown to the defendant.

" 6. The plaintiff was bound upon the request of the defendant and the defendant's offer to indemnify to afford the defendant a reasonable opportunity to produce the surety upon the recognizance.

" 7. The defendant was entitled to have the plaintiff, and not some other person, as surety upon the bond as to which he agreed to indemnify the plaintiff.

" 8. A recognizance is not a bail bond.

" 9. Upon the refusal of the officials in Connecticut to take the bail bond offered by the plaintiff, the obligation of the defendant as to indemnity terminated.

" 10. If the court finds that the defendant agreed to indemnify the plaintiff for loss, but had not been told by the plaintiff and did not know what amounts, if any, paid by the plaintiff were paid upon an obligation other than that in the indemnity contract

and such agreement was as to amounts paid upon bail bond of the plaintiff, the defendant is not liable by reason of such agreement.

" 11. The plaintiff, by reason of the statute of frauds, is not entitled to a verdict.

" 12. The man Blume was not an agent of the defendant.

" 13. The man Blume was not an agent of the defendant with authority to bind the defendant to pay any amount by reason of the recognizance of Crandall.

" 14. Even if the man Blume was the agent of the defendant, the defendant is not liable to the plaintiff.

" 15. If Blume were the agent of the defendant, no contract was made which bound the defendant to indemnify the plaintiff for indemnifying Crandall for loss by reason of the default of McKenna.

" 16. The plaintiff never became bound to pay to the State of Connecticut any amount for the default of McKenna.

" 17. Authority 'to arrange details in connection with the execution of a bail bond' did not give Blume authority to substitute the recognizance for the bail bond.

" 18. Crandall was an independent contractor and not an agent for the plaintiff in the matter of recognizance.

" 19. The plaintiff is not entitled to recover any amount as counsel fees.

" 20. If the defendant and the plaintiff's representative entered into an agreement based upon the belief or understanding by both that a bail bond had been given and no such bond had been given, the defendant is not bound by such agreement.

" 21. There was no consideration for any agreement by the defendant to pay to the plaintiff any amounts paid by it by reason of payment on recognizance."

In Nazzaro *vs.* National Surety Company, Nazzaro asked for and the judge refused the following rulings:

" 1. On all the evidence the plaintiff is entitled to a verdict.

" 2. The defendant did not become liable as surety in accordance with the contract of the parties, and the plaintiff is entitled to the money, the proceeds of which were deposited as security.

" 3. The defendant did not, within the terms of the indemnity

contract, ever become, nor on the evidence could it ever become liable to any loss.

" 4. The defendant was not entitled to hold the $600 deposited with it as security for its obligations on indemnity bond to secure any person who became surety upon a recognizance.

" 5. The recognizance given by one Crandall was not in accordance with an indemnity contract under which the defendant seeks to hold the plaintiff's money.

"6. The plaintiff never became bound in any way to indemnify the defendant for payments made by it to or on behalf of Crandall.

" 7. The contract of indemnity between. the defendant and Crandall to pay any amounts Crandall might be obliged to pay by reason of his recognizance and the default of McKenna was a contract to pay for the debt or default of another, and no contract of the plaintiff in respect thereto was made which would bind the plaintiff under the statute of frauds.

" 8. The defendant is barred by the statute of frauds from any right to retain the money deposited with it by the plaintiff."

The judge found for the surety company in both actions; and Nazzaro alleged exceptions.

The cases were argued at the bar in March, 1921, before *Rugg,* C. J., *Braley, Pierce, & Carroll,* JJ., and afterwards were submitted on briefs to all the Justices.

*J. E. Crowley,* for Nazzaro.

*J. E. McConnell,* for the National Surety Company.

CARROLL, J. In *National Surety Co.* v. *Nazzaro,* 233 Mass. 74, where the facts are reported, it was decided that it could not be ruled as matter of law that by providing a recognizance for the release of McKenna the surety company had complied with its obligation to execute a bail bond for his release, thereby entitling it to recover on the contract of indemnity. It was further decided that it was a question of fact whether Blume was the agent of Nazzaro and authorized to bind him by substituting a recognizance for the bail bond and another surety for the surety company.

At the second trial the cases were tried by a judge without a jury, and by agreement of the parties the stenographic notes of the evidence at the former trial, together with the exhibits were admitted, it being agreed that such evidence might be considered as though offered by witnesses at the trial; in addition Nazzaro

testified that Blume was not authorized by him to do anything in connection with the bail bond, and was sent to Connecticut, where the prisoner was confined, solely for the purpose of identifying him. The surety company introduced in evidence the Gen. Sts. of Connecticut (1888), § 1612, to the effect that every person detained in jail for trial of an offence not punishable with death, shall be entitled to bail and shall be discharged on entering into a proper recognizance, and § 1613, giving the surety on a recognizance in criminal proceedings the same remedy as sureties upon bail bonds; and §§ 696, 1685, 1686, §§ 896, 897, 963, and the decision in *Lovejoy* v. *Isbell*, 70 Conn. 557.

The judge found that Blume was the agent of Nazzaro in procuring the release of McKenna by bail or recognizance; that the terms of the agreement were performed by entering into the recognizance for the release of McKenna; that under the statutes of Connecticut, recognizance and bail are interchangeable terms, and by the law of Connecticut a contract to furnish bail is performed by furnishing a recognizance. He further found that Crandall in all matters acted as the agent of the National Surety Company; that the surety company executed the bail bond as described in the indemnity agreement, which bond was refused by the clerk of courts, who required bail in the form of a recognizance; and that the forfeited bail or recognizance was paid by the National Surety Company.

The indemnifying clause of the bond upon which reliance is placed in this action is that Nazzaro will " indemnify and keep indemnified the company, and hold and save it harmless from and against any and all damages, loss, costs, charges and expenses of whatsoever kind or nature, including counsel and attorney's fees, which the Company shall or may at any time sustain or incur by reason or in consequence of having executed said instrument; and . . . will pay over, reimburse and make good to the Company . . . all sums and amounts of money which it or its representatives shall pay or cause to be paid or become liable to pay on account of having executed said instrument and on account of any damages, costs, charges and expenses of whatsoever kind or nature . . . which the company or its representatives may pay, or become liable to pay by reason of having executed said instrument, or in connection with any litigation, investigation or other matters growing

out of or connected therewith." The bond indemnifying the surety company was executed and delivered in Boston and its construction is ordinarily governed by the law of this Commonwealth. According to its terms the "Bail Bond" was to be delivered in Connecticut for the purpose of releasing a man under arrest in that State. Under the law of Connecticut "recognizance" and "bail" are interchangeable and a contract to furnish "bail" is performed by furnishing a "recognizance." In *Lovejoy* v. *Isbell*, *supra*, it was held: "A recognizance is a bond in the strict sense of the word, and a statutory requirement to give bond with surety is satisfied by entering into a recognizance for that purpose. . . . When the statute authorized any officer charged with the duty of approving such bonds, to accept a corporation as surety upon the bond of any person required by law to execute a bond, it included a recognizance as well as other bonds."

In *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, at page 174, it was said: "Where a contract is made with a purpose by the parties to it that it shall be performed in a particular place, its validity and interpretation are to be determined by the law of the place where it is to be performed. It·is made with a view to that law." See also *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. "According to the great preponderance, if not the uniform concurrence, of authority, the general rule, [is] that the nature, the obligation and the interpretation of a contract are to be governed by the law of the place where it is made, unless the parties at the time of making it have some other law in view." Gray, J., in *Liverpool & Great Western Steam Co.* v. *Phenix Ins. Co.* 129 U. S. 397, 458. *Carnegie* v. *Morrison*, 2 Met. 381, 397. The indemnity bond was made in Massachusetts, to be executed here, and action on it is brought in our courts. But its purpose was to indemnify the surety respecting the main contract to be executed, delivered and performed in Connecticut. The main contract is described as a "bail bond." If this term is interpreted according to the law of this Commonwealth, it means one thing, a thing which is impossible under the law of Connecticut. If the term is interpreted according to the law of Connecticut, it means the furnishing of an obligation designed to accomplish the desired end, viz., the release of McKenna. The purpose of the parties, to be inferred from the

result aimed at and the words used, was that "Bail Bond" was to be interpreted according to the law of Connecticut, where the main contract was to be executed, and since a recognizance, under the law of Connecticut, is equivalent to "Bail Bond" the indemnity contract should be interpreted according to the law of that State. The main contract indemnified by the bond in suit, was to be performed in Connecticut, and the words describing that main contract are shown by the circumstances to have been intended to be used in the Connecticut sense and not as used and understood in Massachusetts, and therefore the indemnity bond is to be interpreted as if it read "recognizance" instead of "Bail Bond" in describing the main contract to be executed in Connecticut.

The law of Connecticut was a question of fact. *Electric Welding Co. Ltd.* v. *Prince,* 200 Mass. 386. On the evidence in the case it could be found that the law of Connecticut was different from the law of this Commonwealth, and that by the law of Connecticut "bail" and "recognizance" are synonymous terms and used interchangeably. It being further found that Blume was the agent of Nazzaro in procuring the release of McKenna by bail or recognizance, *National Surety Co.* v. *Nazzaro, supra,* and that the surety company through its agent Crandall, having entered into a recognizance for the appearance of McKenna, performed its agreement with Nazzaro and, having paid the forfeited recognizance on McKenna's default, was entitled to recover.

There was evidence to support these findings. It was agreed that Crandall acted for the surety company in entering into the recognizance for McKenna, and thereafter received a bond from the surety company, indemnifying him from all loss by reason of his becoming surety; and there was evidence that Blume assented to Crandall's becoming surety and acted as Nazzaro's agent in securing the release of McKenna by the recognizance furnished by Crandall. On these facts the surety company made out its case and is entitled to recover.

The judge gave the surety company's seventh request for rulings of law, "That the giving of a recognizance for McKenna was a 'matter growing out of or connected therewith,' the execution of a bail bond." The written contract on which the surety company relies and upon which it must recover, provided that the company had signed the bail bond for the release of McKenna,

that Nazzaro was to indemnify the company for all loss sustained by reason of having executed it, or any "matter growing out of or connected therewith." If the law of Connecticut were like the law of this Commonwealth, the giving of a recognizance would not be in compliance with the contract for the execution of the bail bond, and the furnishing of this recognizance would not be a matter growing out of the contract which would entitle the surety company to recover. *National Surety Co.* v. *Nazzaro, supra.* If this ruling of law is so interpreted, then the ruling given was erroneous and the exceptions should be sustained. But we do not think it should be so construed. The judge found as a fact that the law of Connecticut and the law of Massachusetts in this particular were not alike, in Connecticut recognizance and bond being synonymous terms; that the surety company performed its agreement with Nazzaro; that when the "Bail Bond" referred to in the indemnity contract was refused by the clerk of courts, by signing a recognizance for the release of McKenna, the contract was fulfilled. Recognizance and bond being interchangeable terms, providing the recognizance instead of the bail bond was a "matter growing out of or connected" with the giving of the bail bond, and we think this is the correct meaning of the ruling and the effect that should be given to it. So construed there was no error of law in the ruling.

We find no error in refusing the requests of Nazzaro, nor in the rulings given.

In the case of *Nazzaro* v. *National Surety Co.* the exceptions are overruled. In *National Surety Co.* v. *Nazzaro,* in the opinion of a majority of the court the exceptions are overruled.

*So ordered.*