FRED VOLLMEKE
*vs.*
ESTHER NIELSON ET AL.

Superior Court          Fairfield County          File No. 68496

MEMORANDUM FILED JUNE 15, 1944.

*David R. Lessler,* of Bridgeport, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendants.

KING, J. Pursuant to the provisions of section 51, on page 33 of the Practice Book (1934), and of section 5620 of the General Statutes, Revision of 1930, the defendants have filed a motion for a bond of $75 to prosecute.

The amount of the bond sought ($75) is the usual amount given in such actions, and is proper.

Although the plaintiff is described as a resident of Connecticut, there was no certification of his financial responsibility

under section 27, on page 27 of the Practice Book, and section 5619 of the General Statutes as amended (in a matter immaterial to the present inquiry) by section 1653c of the 1935 Cumulative Supplement thereto. This action on the part of the plaintiff's attorney is to be commended, since great care should be taken not to certify as to a plaintiff's financial responsibility unless the attorney has the personal knowledge of ample financial responsibility required by section 27 on page 27 of the Practice Book.

There being no certification of financial responsibility in this case, a recognizance of some substantial inhabitant of this State, or, in lieu thereof, a recognizance of the plaintiff with some substantial inhabitant of this State as surety, was required under the provisions of section 5619 of the General Statutes and Practice Book, section 27 on page 27. *Lovejoy vs. Isbell*, 70 Conn. 557, 559.

Parenthetically it may be noted that there is no authority for the use of a recognizance entered into by the plaintiff, alone, although the practice unfortunately is not infrequent. Under Practice Book, section 27 on page 27, and section 5619 of the General Statutes, a certification must be used unless a third person enters into the recognizance either as a principal or as a surety for the plaintiff. Even apart from the provisions of section 27, there is no point in having the plaintiff, alone, enter into a recognizance for costs, since he is liable for them in any event if the outcome is unsuccessful.

A defendant has a right to rely on a certification of the plaintiff's financial responsibility or the use of a third person in a recognizance (whether as principal or as surety for the plaintiff), as a representation upon the part of the attorney issuing the process, that he has made a careful investigation as to the financial responsibility of the plaintiff or third person, as the case may be, and that the attorney has good cause for affirmatively believing, as a result of such investigation, that the financial responsibility of the plaintiff, or of such third person, as the case may be, is sufficient to pay the costs in the action. In other words, although the authority issuing the process is not a guarantor of the costs, he is responsibile for the exercise of a high degree of care to see that the provisions of the law are complied with. *Lovejoy vs. Isbell, supra,* p. 559. The prospective costs should not be estimated at less

than $75 in a Superior Court case where any costs are recover-able. *Sattler vs. Sattler,* 7 Conn. Sup. 88.

The power vested in attorneys in this State in the issuance of process, especially when accompanied by a direction for an attachment, is extraordinary, is an authority not generally so conferred in other states, and can be permitted here only because the attorney is an officer of the court, and, as such, is held to a high degree of intellectual and ethical responsibility. It follows that the abuse or misuse of the privilege of passing on the financial responsibility of the plaintiff, or of a third person who is to become a party to a recognizance, when one is used, is not a matter merely subject to correction by the furnishing of a proper bond under the provisions of Practice Book, section 51, on page 33, and section 5620 of the General Statutes as amended, but is a matter for consideration by the grievance committee and for disciplinary action by the court. In no other way can the public be protected from the disaster-ous consequences incident to the reckless issuance of process in behalf of the financially irresponsible. The required payment of a fee of five dollars to the State where a bond is ordered by the court (Practice Book, §51, p. 33) is inadequate, alone, as a penalty for an abuse by an attorney of his high duty as an officer of the court.

In this action a notation appears on the writ, pursuant to the last sentence of section 5619 of the General Statutes, that A. M. Peck of Bridgeport, Conn., is recognized in $75 to prosecute, etc.

This notation on its face indicates a compliance with the provisions of our law and that a bond (i.e., a recognizance) has been entered into. *Harris vs. Harris & Gans Co.,* 3 Conn. Sup. 434. There was no claim by plea in abatement (under section 1409e of the 1939 Supplement to the General Statutes) or otherwise that in fact no recognizance had been entered into by A. M. Peck.

Section 5620 of the General Statutes provides that under the situation obtaining here if the court "shall find that any bond taken....for prosecution....is insufficient....it shall order a sufficient bond to be given before trial...."

The finding of insufficiency is a prerequisite to the entry of the order. Since the amount ($75) is not insufficient and the notation on the writ indicates that A. M. Peck is a resident

of Connecticut and has entered into the recognizance, the only ground on which the bond could be held insufficient is that A. M. Peck is not of sufficient financial responsibility to qualify under section 5619 as a "substantial inhabitant of this state." The phrase "substantial inhabitant" is not alone con-cerned with residence and domicile. The adjective "substan-tial" refers to financial worth, and requires property reason-ably open and subject to seizure in this State in an amount ample to satisfy the costs together with the additional costs involved in a suit on the recognizance, where a recognizance is used.

The burden of proof in such a situation as we have here, is, under the terms of section 5620, placed on the party moving for the bond. In this case the plaintiff made no concessions of fact, and no evidence at all was introduced as to the finan-cial worth of A. M. Peck nor the situs, character or extent of his property. It follows that it could not be found that the defendants had sustained the burden of proof resting upon them by virtue of the provisions of section 5620. *Crane vs. Loomis,* 128 Conn. 697, 699.

For the foregoing reasons the motion must be, and is, denied.