JOHN L. D'AUSILIO ET AL. *v.* LEONARD KNOLL

CIRCUIT COURT   SECOND CIRCUIT
FILE No. CV 2-689-63170

Memorandum filed October 24, 1968

*Thomas J. Rosati,* of Stratford, for the plaintiffs.

*Ira B. Charmoy,* of Bridgeport, for the defendant.

WISE, J. This action, in which the plaintiffs seek to recover from the defendant money due from a sale of a bakery route distributorship, was brought by writ, summons and complaint dated August 30, 1968, and returnable on the first Tuesday of October, 1968. The writ alleges that the plaintiff, Mayday, Inc., is a Connecticut corporation doing business in Bridgeport, Connecticut, but does not allege the residence of the other two plaintiffs; nor does the writ state the last known address of the defendant, but it is alleged that he is "of the City of Bridgeport, County of Fairfield and State of Connecticut."

The recognizance of the writ reads: "The Plaintiffs of Bridgeport is recognized in $     to prosecute, etc." The certificate of financial responsibility reads: "I, the subscribing authority, hereby certify that I have personal knowledge as to the financial responsibility of the plaintiff and deem it sufficient to pay the costs in this action."

The defendant, appearing specially, filed a plea in abatement "that the court has no jurisdiction of the action because said writ is defective in that the Plaintiffs have failed to provide the amount of the prescribed recognizance, in that it is not specified which and how many of the Plaintiffs are financially responsible, and in that the Plaintiffs, John L. D'Ausilio and Myron Chomko are not identified as to residence within said City of Bridgeport, and State of Connecticut so that it is not discernable whether further surety is needed pursuant to Section 29 of the Practice Book. Said writ is also de-

fective in that it does not contain the last known address of the Defendant as required by Sec. 4.2.1 of the Rules of the Circuit Court adopted January 1, 1961."

The thrust of the defendant's contention is that the plaintiffs should have been identified as to their residence and an amount certain should have been specified in their recognizance, or the financial responsibility of a specific plaintiff should have been certified if only one was financially responsible; that if more than one or all the plaintiffs were financially responsible, then the certification should have so specified; and that the plaintiffs should also have set forth the last known address of the defendant by a more specific address than "City of Bridgeport, County of Fairfield and State of Connecticut."

At the outset, it must be noted that according to the return of the officer who served the process he left a true and attested copy of it with the defendant, so that the defendant was actually handed the process. The service is not challenged by the defendant. If the service were to be challenged by the defendant, then evidence could be presented at a hearing held for that purpose. The return of the officer who served the process is only prima facie evidence of the facts stated therein. It may be contradicted and the facts shown to be otherwise. *Cugno* v. *Kaelin,* 138 Conn. 341, 343.

As to the portion of the plea which concerns itself with the omission from the writ of the plaintiffs' addresses and the defendant's last known address, the question presented is whether the defendant was properly served in the action so that the court acquired jurisdiction and could render a valid judgment against him. The defendant cites a rule of the Circuit Court, § 868 of the 1963 Practice Book

(formerly Rule 4.2.1 [Jan. 1, 1961]), which provides: "All mesne process shall contain the last known addresses of all the defendants . . . ."

Section 52-57 of the General Statutes provides for in personam service and by two methods: (a) by common-law service, that is, actual manual delivery of the process to the defendant himself within the state, or (b) by abode service, sometimes termed substituted service, that is, by leaving a copy of the process at the defendant's usual place of abode within the state. Under this section, either mode of service is adequate for an in personam judgment. *Smith* v. *Smith,* 150 Conn. 15, 19; see *Clegg* v. *Bishop,* 105 Conn. 564, 572; Stephenson, Conn. Civ. Proc. § 4a. Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. Its chief purpose is to ensure actual notice to the defendant that the action is pending. *Clover* v. *Urban,* 108 Conn. 13, 16.

Section 52-123 of the General Statutes, entitled "Circumstantial defects not to abate pleadings," provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

The claim made by the defendant involves a technical matter. The failure to set out the address of the defendant in the writ and the plaintiffs' addresses is embraced within the intendment of § 52-123. This statute applies to circumstantial defects attacked by pleas in abatement. The defects complained of do not prevent this cause from being "rightly understood and intended by the court."

Furthermore, no injustice to the defendant is apparent, since he obviously received notice of the inception of the action. See *New Haven Loan Co.* v. *Affinito,* 122 Conn. 151; *Connecticut Tool & Mfg. Co.* v. *Bowsteel Distributors, Inc.,* 24 Conn. Sup. 290, 295; *Andrews* v. *Hammond,* 1 Conn. Sup. 21.

Merely as obiter dicta, the court points out that § 52-125, entitled "Amendment after plea in abatement," provides: "If any plea in abatement of any process is ruled in favor of the defendant, the plaintiff may amend the defect on paying to the defendant his costs to that time . . . ." Thus, even if the plea in abatement had merit and was sustained, the plaintiffs would not be precluded from making the amendment by appropriate action. The court suggests that the plaintiffs do this unless the defendant files a general appearance. The court, however, is of the opinion that the defect which is sought to be reached is a mere circumstantial defect and does not go to the jurisdiction of the court. The personal service, under the circumstances, conferred in personam jurisdiction over the defendant.

The defendant contends that since the recognizance in the writ does not set forth the residence of the plaintiffs D'Ausilio and Chomko, and no sum is specified therein, such omissions will sustain a plea in abatement. Likewise, he contends that the fact that the plaintiff to whom the certificate of financial responsibility refers was not identified is also sufficient to sustain the plea. The determination of this question is controlled by § 52-185 of the General Statutes, which is applicable to the subject of bonds and recognizances, and by §§ 29 and 30 of the Practice Book. The thrust of the defendant's contentions are (1) that since the residences of these plaintiffs are not set forth, they may reside out of the state and thus have to procure a bond pursuant to

§ 52-185, and (2) that since the certificate of responsibility does not specify a particular plaintiff, the defendant cannot ascertain whose responsibility is being certified to, and again the plaintiff referred to may be a foreign resident who must provide surety in accordance with § 52-185. In effect, the defendant claims that the plaintiff has failed to provide a bond for prosecution and therefore the court lacks jurisdiction. Whether either or both of these plaintiffs are nonresidents, in the absence of proof, is speculative and conjectural. No such evidence was presented.

Section 52-185 provides in part that "if it does not appear to the authority signing the process that he [the plaintiff] is able to pay the costs of the action should judgment be rendered against him, he shall, before such process is signed, enter into a recognizance to the adverse party," with the surety therein prescribed. Section 30 of the Practice Book provides in part: "In all actions wherein costs may be taxed against the plaintiff, no mesne process shall be issued until the recognizance of a third party for costs has been taken, unless the authority signing the writ shall certify thereon that he has personal knowledge as to the financial responsibility of the plaintiff, and deems it sufficient."

The defendant does not deny, and consequently admits, that the subscribing authority did certify that he has personal knowledge as to the financial responsibility of the "plaintiff" and deems it sufficient to pay the costs. The fact that "plaintiff" in the singular is set forth and not "plaintiffs" in the plural is of no moment and not fatal. It is significant to note that the writ recites that the defendant answer unto the three named plaintiffs "in a civil action wherein the plaintiff complains and says . . . ." Having so certified, the subscribing author-

ity had to come to the conclusion that the plaintiffs were financially responsible. There was therefore no need for a bond for prosecution. It follows that the purported bond for prosecution in the writ is superfluous. As stated in Stephenson, Connecticut Civil Procedure § 59g, page 120, "The recognizance is a necessary part of the writ unless the issuing authority certifies in the writ that he is familiar with the financial responsibility of the plaintiff and deems it sufficient."

"A defendant has a right to rely on a certification of the plaintiff's financial responsibility or the use of a third person in a recognizance (whether as principal or as surety for the plaintiff), as a representation upon the part of the attorney issuing the process, that he has made a careful investigation as to the financial responsibility of the plaintiff or third person, as the case may be, and that the attorney has good cause for affirmatively believing, as a result of such investigation, that the financial responsibility of the plaintiff, or of such third person, as the case may be, is sufficient to pay the costs in the action. In other words, although the authority issuing the process is not a guarantor of the costs, he is . . . [responsible] for the exercise of a high degree of care to see that the provisions of the law are complied with." *Vollmeke* v. *Nielson,* 13 Conn. Sup. 9, 11.

For the foregoing reasons, the plea in abatement is overruled on all grounds.