[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This action was brought by the plaintiff to recover payments made to its insured for fire loss. It is brought against the owner of the building and the insured's sublessor in two separate counts grounded in negligence. The sublessor has moved to dismiss on a claim that the plaintiff, being an out-of-state party, has failed to provide a proper bond for prosecution as required by P.B. 51 and G.S. 52-185. In the memorandum filed with the motion the defendants allege that the third party named in the certificate as recognizance is an attorney is an employee of the plaintiff, either of which conditions would make the recognizance defective.
Although P.B. 51 and G.S. 52-185 require a bond for prosecution by an out-of-state plaintiff, a certificate of the fact will suffice. D'Ausilio v. Knoll, 5 Conn. Cir. Ct. 235, 241. The certificate is prima facie evidence of the facts therein which the defendant may contradict. Gregory v. Sherman,44 Conn. 466, 472. The motion to dismiss replaces the former motion to erase and plea in abatement. Garden Mutual Benefit Assn. v. Levy, 37 Conn. Sup. 790, 79. P.B. 143 permits, where appropriate, supporting affidavits to be filed as to facts not apparent on the record. Where the facts are not clear on the record, burden is on the movant to prove the facts alleged, and failure to put on such evidence requires the court to deny the motion. Carpenter v. Planning Zoning Commission, 176 Conn. 581,588-9.
For the above reasons, the motion to dismiss is denied.
CORRIGAN, J. CT Page 309